**Aline Vanover HALL,
Plaintiff–Appellee,**

v.

**Earl Don HALL, Defendant–Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Jan. 11, 1989.

Petition to Appeal Denied by
Supreme Court May 30, 1989.

George E. Copple, Jr., Nashville, for defendant-appellant.

Lawrence D. Wilson, Nashville, for plaintiff-appellee.

## OPINION

TODD, Presiding Judge.

This is a divorce case in which the husband has appealed. More than this cannot be said with certainty because of the unusual procedure in the Trial Court and on appeal, the records before this Court and the nature of the issues presented by appellant.

The relevant aspects of the proceedings and records are as follows.

On May 8, 1987, this cause was heard on its merits by the Trial Judge.

On May 13, 1987, the Trial Judge signed, and on May 14, 1987, the Trial Clerk entered an order purporting to be a final judgment.

On June 12, 1987, by separate counsel, defendant filed separate pleadings entitled "Motion to Amend or New Trial" and "Petition to Modify Judgment".

On June 24, 1987, the Trial Court denied the petition to modify judgment.

On July 3, 1987, the wife moved to dispose of the "Motion to Amend or New Trial". There was no disposition of this motion or the "Motion to Amend or New Trial" until August 18, 1988, more than one year later.

On July 22, 1987, the husband filed a notice of appeal from "the final judgment entered on May 13, 1987", (evidently referring to the order entered on May 14, 1987).

On August 5, 1987, the wife filed a petition for contempt for failure to pay alimony and to require payment to her of $6,775.25 in the hands of the Trial Clerk.

On October 7, 1987, the Trial Court held a hearing and on October 9, 1987, entered an order disposing of the petition filed on August 5, 1987.

On October 20, 1987, the husband filed a statement of the evidence "at trial relating to property division and alimony".

On the same date, the husband filed a designation of record including:

The transcript of the hearing on plaintiff's petition for contempt heard on October 7, 1987. (This transcript was not received with the first record, but did accompany a subsequent record.)

On November 5, 1987, the wife filed objections to the husband's statement of the evidence at the May hearing and filed her own statement of the evidence at the May hearing.

On November 23, 1987, the husband objected to the wife's statement of the evidence.

On December 18, the Trial Clerk certified a record to this Court as follows:

I, Nancy Miller, Clerk and Master of the Chancery Court for Dickson County, Tennessee, do hereby certify that the *foregoing Transcript* and Deposition of Earl Don Hall and Exhibits one through seven, in separate folder, are true and exact of all matters appearing in my office at Charlotte, Tennessee. (emphasis supplied)

(It should be noted that the words "foregoing Transcript" in the certificate refer to the technical record, preceding the certificate and the cover of the Technical Record bears in bold print the word, "Transcript". No transcript of evidence accompanied the technical record.)

On January 4, 1988, this Court remanded the cause for settlement of the statement of the evidence.

On May 16, 1988, the record was again received by the Clerk of this Court. The technical record contained the following additional documents:

1. Order of the Trial Judge striking the husband's statement of the evidence as inaccurate, and finding that the plaintiff's statement of the evidence "presented the more accurate account of the evidence presented herein".

2. A 9 page statement of the evidence and finding of fact signed by the Trial Judge and marked entered upon the minute book of the Trial Court.

3. A further certificate of the Trial Clerk as follows:

I, Nancy Miller, Clerk and Master fo (sic) the Chancery Court of Dickson County, Tennessee, do hereby certify that the following items herewith transmitted to the Chancery Court are originals or true and correct copies of all or the designated papers on file in my office in teh (sic) captioned case.

1. Technical record attached to this certificate and consisting of three pages.

Received with the retransmitted technical record but not included in the Trial Clerk's certificate were a transcript of the October 7, 1987, hearing, filed on March 16, 1988, a deposition of the husband and 7 exhibits filed on May 8, 1987.

Briefs were filed and oral argument was heard on July 7, 1988.

On August 15, 1988, the appeal was dismissed as premature for failure to dispose of the "Motion to Amend or New Trial".

On August 31, 1988, the Trial Court entered an order overruling the "Motion to Amend or New Trial".

On September 14, 1988, the husband filed a notice of appeal:

from the alimony, support, and property divisions of the final judgment of this Court entered May 13, 1987, and from the denial of defendant's "Motion to Amend or New Trial", signed on or about August 30, 1988. (There is no reference in this or the former notice of appeal to the order entered on October 9, 1987)

By agreement, the record and briefs in the former, dismissed, appeal and the oral argument presented on July 6, 1988, are to be considered in the disposition of the present appeal.

It is reasonably apparent from the foregoing that the avowed purpose of this appeal is to obtain review of the judgment entered on May 14, 1987, as finalized by the order entered on August 31, 1988, overruling the "Motion to Amend or New Trial."

█ It is also reasonably apparent that the statement of the evidence signed by the Trial Judge and entered on the minutes was intended to and did supersede the statements of the evidence filed by the parties which should not be considered.

█ It is also apparent that the transcript of the October 7, 1987, hearing, filed on March 16, 1988, cannot be considered in the review of a judgment entered on May 14, 1987, there being no motion or order to consider post judgment facts.

The husband has presented seven issues for review, of which the seventh is:

Whether the Trial Court erred in striking defendant's own statement of the evidence from the record.

█ Any question as to the accuracy of a transcript or statement of the evidence is to be submitted to and settled by the Trial Court, whose determination is conclusive absent extraordinary circumstances. T.R.

A.P. Rule 24(c) and (e). The only resources of a trial judge for resolving such questions are (1) the memory of the trial judge, (2) memoranda of the trial judge, and (3) an evidentiary hearing to establish what evidence was presented during the trial. The third resource is seldom used, but, if used, and the evidence at such hearing is preserved on appeal, the appellate court might find some support therein for revision of the evidentiary record. There is no indication that any such hearing was held, and no record of the evidence adduced at such a hearing if held. This court has no access to the memory of the trial judge except the record, including the order and statement of the evidence signed by the Trial Judge. No other memoranda of the Trial Judge or any other person is preserved in this record.

█ A finding of a trial judge as to what evidence was presented is a finding of fact which is entitled to a presumption of correctness unless the evidence (at the hearing on this subject) preponderates otherwise. T.R.A.P. Rule 13(d). There is no evidence otherwise. The ruling of the Trial Judge is presumed correct and is affirmed.

No merit is found in the husband's seventh issue.

The husband's sixth issue is as follows:

6. Whether the Trial court erred in holding defendant in willful contempt of court.

█ As previously stated, it does not appear that either of the successive notices of appeal contemplated review of the October 9, 1987, order. T.R.A.P. Rule 3(f) requires:

The notice of appeal ... shall designate the judgment from which relief is sought....

The notices of appeal, quoted above, refer only to (1) "final judgment entered May 13 (14), 1987" and (2) "the alimony, support and property divisions of the final judgment ... entered on May 13 (14) 1987, and ... the denial of defendant's "Motion to Amend or New Trial" which refers to the May, 1987, judgment.

Inasmuch as the October, 1987, order related to a supplemental issue raised after entry of final judgment (albeit before finalized by the belated ruling on the "Motion to Amend or New Trial"), the clear and specific wording of the notices of appeal limits the issues on this appeal to the judgment designated in the notices.

Moreover, the judgment of contempt is not a final, appealable order. That judgment reads in pertinent part as follows:

It is therefore Ordered, Adjudged, and Decreed that:

1. The defendant ... is hereby adjudicated to be guilty of willful contempt of the lawful Orders of this Honorable Court but punishment therefore (sic) should be and is withheld at this time.

A judgment of contempt fixing punishment is a final judgment from which an appeal will lie. *State v. Green,* Tenn.Cr. App. 1984, 689 S.W.2d 189.

However, a judgment of contempt without the designation of punishment is not a final appealable judgment. T.R.A.P. Rule 3(a); 17 C.J.S. Contempt § 114, p. 301; 4 Am.Jur.2d Appeal and Error § 170, p. 683 and authorities cited therein.

No merit is found in the husband's sixth issue.

The husband's remaining five issues relate to the provisions of the divorce decree and require a review of the evidence and the provisions of the decree.

The testimony of the wife contains the following.

She is 51 years of age, a high school graduate with some business school training. From 1954 to 1970 she was married to a previous husband by whom she has two adult sons. She is employed by the State as a receptionist. In 1985, she had eye surgery and expects more eye surgery. She has blurred vision at night and cannot drive at night. She has had cancer.

After her divorce in 1970, she purchased land and built a home valued at $100,000. It was mortgaged for $60,000, of which about $25,000 was invested in a business promoted by her second husband (defendant) whom she married in 1984.

Soon after marriage, the wife learned that the husband was manic depressive and suicidal, and was an alcoholic. After he quit his job, she purchased a computer for his use in a business. Thereafter she borrowed money on her home and financed a carpet business in which the parties failed and lost the investment, because the husband would not attend to the business.

Because of the various unsuccessful business enterprises of the husband, the wife has lost her home and is in bankruptcy.

The wife testified that she was unable to support herself without alimony.

The husband now works for a lady with whom he socializes and the wife suspects that the husband is the beneficiary of one or more estates.

The husband testified in substance as follows:

He is 50 years old and lives on property belonging to his employer. He has in the past prospered in the real estate business. He bankrupted in 1981.

Husband admitted the wife's home was worth $118,000; that he had a ¼ interest in his mother's estate of $227,911.69, and that he makes $100 per week—10% of gross profits, working for his 36 year old female employer. In August 1987, he "hopes to earn $20,000 to $30,000 selling homes".

Husband testified that he agreed for the wife to have all of the $6,775.25 which he had "placed in trust" with his attorney, and made no reference to any obligation to said attorney or rights of said attorney to any part of the $6,775.25.

Husband admitted that he had never loved the wife but had pretended love to persuade her to assist in his business ventures.

The attorney for the estate of husband's mother testified that the estate had not been settled, that there had been no distribution, and that there had been no attempt to hide assets of the husband.

Exhibit 3 is an affidavit of the wife that her net income is $622 per month and her

expenses are $670. However, the expenses include no rent or utilities.

Exhibit 5 is an assignment of the interest of the husband in his mother's estate to various relatives.

Exhibit 7 is a "Transfer and Assignment" dated August 30, 1986, whereby the husband assigned his distributive share of the estate of Dale Osborne to a trustee for certain purposes. However, there is no evidence of any connection of this instrument with the $6,775.25 which apparently has been paid into the hands of the Trial Clerk.

The statement of evidence by the Trial Judge concludes as follows:

This is the record in this cause taken from the notes of the Trial Judge as well as the Trial Judge's recollections of proof heard at the final hearing, as well as a review of the parties' respective statements of the evidence heretofore filed.

The Trial Judge found the facts as follows:

No proof of any coercion or intimidation on part of Mr. Hall. Complainant was in love and had faith in Mr. Hall. Mr. Hall is able-bodied and is now gainfully employed. He expects a substantial percentage of gross profits from his present business endeavor each year end of approximately $20,000.00 to $30,000. Her health is bad. Her need for eye surgery is not disputed. Her ability to earn income is limited. Mr. Hall owes a duty of support to the Complainant. Mr. Hall dissipated Mrs. Hall's assets.

The final judgment reads in pertinent part as follows:

... The Court further finds that the Defendant, Earl Don Hall, is an able-bodied man, capable of gainful employment and capable of making substantial earnings. The court further finds that the Defendant, Earl Don Hall, owes a duty to support the Plaintiff, Aline Vanover Hall, and that the said Aline Vanover Hall is in need of and is entitled to support ... The Court further finds that Earl Don Hall has a ten percent (10%) interest in the profits of the business

known as Donna Baker, individually and d/b/a Donna Baker Homes and/or Donna Baker Homes Company, of Highway #70, White Bluff, TN, his interest estimated to be twenty to thirty thousand dollars per year.

. . . .

It is further ORDERED, ADJUDGED AND DECREED that Aline Vanover Hall be and is hereby awarded all personal property in her possession and any interest claimed in same by Earl Don Hall is divested from him and vested in Aline Vanover Hall.

It is further ORDERED, ADJUDGED AND DECREED that Earl Don Hall be and is hereby awarded all personal property presently in his possession and any interest claimed in same by Aline Vanover Hall is divested from her and vested in Earl Don Hall.

It is further ORDERED, ADJUDGED AND DECREED that Aline Vanover Hall be and is hereby awarded the automobile presently in her possession.

It is further ORDERED, ADJUDGED AND DECREED that Earl Don Hall be and is hereby ordered to hold Aline Vanover Hall harmless for any indebtedness which was not covered by discharge through her Chapter 7 Bankruptcy.

It is further ORDERED, ADJUDGED AND DECREED that Aline Vanover Hall be and is hereby awarded a judgment in the sum of twenty thousand dollars ($20,000.00) as alimony insolido, and that the six thousand, seven hundred, seventy-five and 25/100 dollars ($6,775.25), being held in the trust account of the Honorable J.M. Clement, attorney for Earl Don Hall, be immediately paid to her by said counsel in partial payment of said alimony insolido award. The remaining balance of said award shall be paid by Earl Don Hall to Aline Vanover Hall at the rate of five thousand dollars ($5,000.00) per year until paid in full with the first such payment being due and payable on August 31, 1987, and continuing on said date until paid in full. The Court orders and hereby grants a lien in favor of Aline Vanover Hall, said lien attaching to Earl

Don Hall's ten percent (10%) interest of the profits of the business known as Donna Baker, individually and d/b/a Donna Baker Homes and/or Donna Baker Homes Company, of Highway #70, White Bluff, TN, by whom he is employed, said lien to remain in full force and effect until the alimony insolido award shall have been paid in full.

It is further ORDERED, ADJUDGED AND DECREED that Earl Don Hall be and is hereby ordered to pay to Aline Vanover Hall the sum of four hundred dollars ($400.00) per month as alimony infuturo until the death or remarriage of Aline Vanover Hall, whichever may come first. Said infuturo award is to be likewise secured by a lien attaching against the ten percent (10%) profits which is the interest of Earl Don Hall each year in the business known as Donna Baker, individually and d/b/a Donna Baker Homes and/or Donna Baker Homes Company, of Highway #70, White Bluff, TN, said payments to begin on May 15, 1987.

It is further ORDERED, ADJUDGED AND DECREED that Earl Don Hall be and is hereby enjoined from in any way concealing, attempting to conceal, disposing of or renouncing his right or interest in the profits of the business of Donna Baker, individually and d/b/a Donna Baker Homes and/or Donna Baker Homes Company, of Highway #70, White Bluff, TN.

It is further ORDERED, ADJUDGED AND DECREED that this Court will retain jurisdiction over the awards and the orders of this Court.

■ The husband's first issue asserts that it was error to award alimony in solido for five reasons, of which the first is that the parties have no marital property. Marital property is to be divided equitably. T.C.A. § 36–4–121. The absence of marital property would preclude a division of that which is non-existent. However, the existence or non-existence of marital property does not necessarily affect the allowance of alimony, whether lump sum or periodic.

■ Support may be decreed "out of the property" of a spouse. T.C.A. § 36–5–101(a)(1), 36–5–102. Such support may be allowed out of separate property of a spouse or out of the share of marital property awarded to such spouse. Even though a spouse has no property, such spouse may be required to support the other spouse to the extent of the needs of the needy spouse and the capacity or ability of the supporting spouse.

■ In the present case, the Trial Judge found, and this Court agrees, that, at the time of the trial, the husband had a profit sharing interest in the business of his employer which he valued at $20,000 to $30,000 for the year 1987. This constituted an "estate" out of which alimony in solido might properly have been allowed. His anticipated share of profits in future years constituted an anticipated estate out of which alimony in solido and/or alimony in futuro might properly be ordered.

Thus, the husband's first "reason" is without merit.

■ The husband's second "reason" is that the award of alimony in solido was based upon an erroneous finding of dissipation of assets. This Court concurs in the finding of the Trial Court that the husband was instrumental in the dissipation of the wife's assets, and that this fact is entitled to consideration in fixing alimony, both periodic and lump sum.

No merit is found in the husband's second "reason".

■ The husband's third "reason" is that the lump sum award was punitive. The admitted conduct of the husband in pretending love for financial advantage stimulates natural instincts to punish, but punishment is not needed to support the award of alimony which is supported by justice and equity independent of any motive of punishment.

No merit is found in the husband's third "reason".

■ The husband's fourth "reason" is that alimony in solido is not requested in

the complaint of the wife. Said complaint prays:

That the plaintiff be awarded a reasonable (sic) as pendente lite alimony as well as a sum equal to the defendant's share of the estates of Dale Osborne and Lon Hall as alimony insoledo (sic).

The foregoing is sufficient to empower the Trial Court to award support in such form and amount as may be proper.

No merit is found in the husband's fourth "reason."

■ The fifth "reason" of the husband is that the separate property of the husband was "subject to a trust". It is true that the $6,772.25 held by the husband's counsel was said to be "in trust", but there is no evidence of the purposes of the trust, other than a reasonably to be inferred motive to evade support obligations. In any event, the husband, in his sworn testimony agreed for the wife to have this amount, thereby waiving any claim which he might have had to the fund. This record contains no claim or basis of claim of any other person to the fund. Exhibit 7 does purport to transfer the interest of the husband in the estate of Dale Osborne for trust purposes, but said interest in said estate is not the specific subject of any action of the Trial Court.

No merit is found in the husband's sixth "reason" or in his first issue.

■ The husband's second issue asserts error in the award of periodic alimony. Judicial knowledge can be taken of the reasonable range of cost of rent and utilities for a single person accustomed to living in a $100,000 home. Supplying this amount to plaintiff's statement of expenses, her need for $400 per month periodic alimony is apparent, and this Court so holds. The husband's assertion that plaintiff had no need of support and defendant had no ability to support is without merit. Likewise, the physical and mental conditions of the parties and the lack of prayer for periodic alimony do not provide grounds of reversal of the award of periodic alimony. The continuance of need and/or ability

to pay is subject to review by the Trial Court at any time.

No merit is found in the husband's second issue.

■ The husband's third issue complains of the imposition of a lien upon his earnings. T.C.A. § 36–5–501. The lien fixed by the Trial Court did not apply to the earnings of the husband ($100 per week) but to the 10% interest in the profits of his employer. As previously stated, this interest in the business was a part of the estate of the husband out of which support might be allowed.

No merit is found in the husband's third issue.

■ The husband's fourth issue complains that he was enjoined from concealing, disposing of or renouncing his interest in the 10% profits in his employer. In the light of the husband's admitted and proven irresponsibility and disposition to place assets beyond the reach of the courts, the injunction was necessary and justified and is affirmed by this Court.

No merit is found in the husband's fourth issue.

■ The husband's fifth issue complains of the requirement that he hold the wife harmless from "any indebtedness which was not covered by discharge through her Chapter 7 Bankruptcy". This record contains no evidence of any indebtedness or of any particular debt within the description stated above. Therefore, the requirement that the husband hold the wife harmless from unspecified debts is unsupported by evidence and must be reversed and vacated.

In respect to the allowance of alimony, each case must be judged by the Trial Court and this Court in the light of its peculiar circumstances. *Walker v. Walker*, Tenn.App. 1983, 656 S.W.2d 11. The circumstances in *Butler v. Butler*, Tenn. App. 1984, 680 S.W.2d 467, are in some respects similar to the circumstances of this case.

■ The amount of alimony to be allowed in any case is a matter for the discre-

tion of the trial court in view of the particular circumstances, and appellate courts are disinclined to review that discretion except where its use is clearly erroneous. *Ingram v. Ingram*, Tenn.App. 1986, 721 S.W.2d 262, and authorities cited therein.

The judgment of the Trial Court is modified to delete therefrom the following provision:

> It is further ordered, adjudged and decreed that Earl Don Hall be and is hereby ordered to hold Aline Vanover Hall harmless for any indebtedness which was not covered by discharge through her Chapter 7 Bankruptcy.

In all other respects the judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the defendant-appellant. The cause is remanded to the Trial Court for further proceedings.

Modified, affirmed and remanded.

CANTRELL, J., and WILLIAM H. INMAN, Special Judge, concur.