# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**December 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**
Davidson Circuit

WILLIAM W. GOAD, JR.,                    )
                                         )
    Plaintiff/Appellant,             )
                                         )
                                         )
VS.                                      )    No. 94C-295
                                         )
                                         )
ALPHONSE PASIPANODYA, M.D.,              )    Appeal No.
MEHARRY HUBBARD HOSPITAL,                )    01A01-9509-CV-00426
FRANK THOMAS, M.D., and                  )
LARRY WOODLEE,                           )
                                         )
    Defendants/Appellees.            )


APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JUDGE


For the Plaintiff/Appellant:

William W. Goad, Jr.,
Pro Se

For Meharry Hubbard Hospital:

Thomas A. Wiseman, III
John T. Reese
Nashville, Tennessee


For Larry Woodlee:

Cyrus L. Booker
Carla G. Fox
Nashville, Tennessee


## APPEAL DISMISSED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a prisoner's medical malpractice suit stemming from the repair of an epigastric hernia. The prisoner filed a pro se complaint against the surgeon who had performed the surgery, the hospital where the surgery was performed, and a physician and physician's assistant employed by the prison. The Circuit Court for Davidson County first granted the motion for summary judgment filed by the physician's assistant and later granted the summary judgment motion filed by the hospital. The prisoner appealed from the order summarily dismissing his claims against the hospital. We have determined that the prisoner's appeal must be dismissed because he has not complied with the mandatory requirements of Tenn. R. App. P. 3(f) and 4(a).

## I.

William M. Goad, Jr. is incarcerated at the Riverbend Maximum Security Institution following convictions in Davidson County for armed robbery and assault with intent to commit first degree murder[1] and in Sumner County for first degree murder and armed robbery.[2] In August 1989, Dr. Alphonse T. Pasipanodya performed surgery on Mr. Goad at Meharry Hubbard Hospital to repair an epigastric hernia. Dr. Pasipanodya closed Mr. Goad's fascia with prolene sutures and then closed the incision with surgical staples. The prolene sutures were permanent and non-absorbable, and Dr. Pasipanodya intended them to remain in Mr. Goad's abdomen in accordance with accepted medical practice.

In October 1993, Mr. Goad noticed the sutures immediately beneath his skin and began experiencing discomfort in the area of his hernia operation. Dr. Frank Thomas examined him in the prison infirmary in November 1993 and ordered several medical tests. Larry Woodlee, a physician's assistant working at the prison, examined Mr. Goad again in early January 1994 and referred him to another

---

[1]*See State v. Goad*, 692 S.W.2d 32 (Tenn. Crim. App. 1985).

[2]*See State v. Goad*, 707 S.W.2d 846 (Tenn. 1986) (conditionally affirming Mr. Goad's first degree murder conviction and death sentence); *State v. Goad*, No. 85-25-I, 1986 WL 12370 (Tenn. Oct. 27, 1986) (affirming Mr. Goad's conviction and death sentence); *Goad v. State*, 938 S.W.2d 363 (Tenn. 1996) (affirming Mr. Goad's conviction for first degree murder and remanding the case for a new sentencing hearing).

physician for additional medical treatment. Several weeks later, Mr. Goad filed a pro se complaint in the Chancery Court for Davidson County against Drs. Pasipanodya and Thomas, Mr. Woodlee, and Meharry Hubbard Hospital alleging that they had failed to exercise due care and did not provide him with proper medical treatment. The chancery court later transferred the case to the Circuit Court for Davidson County.

Mr. Woodlee moved for a summary judgment in February 1995. The trial court entered an order on March 17, 1995, dismissing Mr. Goad's claims against Mr. Woodlee and included in the order a Tenn. R. Civ. P. 54.02 certification that the order would be deemed final. Thereafter, Meharry Hubbard Hospital moved for a summary judgment. On June 19, 1995, the trial court entered an order granting Meharry Hubbard Hospital's motion and certifying that this order would also be deemed to be final under Tenn. R. Civ. P. 54.02. Mr. Goad filed a notice of appeal with the trial court on July 24, 1995, stating that he desired to appeal from the trial court's June 19, 1995 order.

## II.

This appeal involves the fate of Mr. Goad's claims against Mr. Woodlee and Meharry Hubbard Hospital.[3] Even though Mr. Goad takes issue with the summary dismissal of these claims, we cannot reach the merits of his arguments because he has not complied with the mandatory requirements of Tenn. R. App. P. 3(f) and 4(a).

The Tennessee Rules of Appellate Procedure govern appeals to this court. Tenn. R. App. P. 3(f) requires appellants to designate the "judgment from which relief is sought," and Tenn. R. App. P. 4(a) requires that notices of appeal must be "filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 3(f) limits the scope of appellate review to the judgment or order designated by the notice; *see Hall v. Hall*, 772 S.W.2d 432, 435-36 (Tenn. Ct. App. 1989); while, Tenn. R. App. P. 4(a) establishes a mandatory, jurisdictional time limit for filing a notice of appeal that cannot be waived or extended. *See Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985); *John Barb, Inc. v. Underwriters at Lloyds of London*,

---

[3]Mr. Goad's claims against Drs. Pasipanodya and Thomas are not before us on this appeal.

3

653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). Incarcerated pro se litigants are not entitled to relief from Tenn. R. App. P. 4(a)'s mandatory requirements. *See Goodwin v. Hendersonville Police Dep't*, App. No. 01A01-9509-CH-00423, 1997 WL 576340, at *3 (Tenn. Ct. App. Sept. 17, 1997) (Tenn. R. App. P. 11 application pending).

Mr. Goad has not properly perfected an appeal from the March 17, 1995 order summarily dismissing his claims against Mr. Woodlee for two reasons. First, his notice of appeal identifies only the trial court's June 19, 1995 order and does not mention the March 17, 1995 order. Thus, Tenn. R. App. P. 3(f) limits his appeal to the June 19, 1995 order. Second, since the trial court designated the March 17, 1995 order as final in accordance with Tenn. R. Civ. P. 54.02, Mr. Goad should have filed his notice of appeal within thirty days after the entry of the March 17, 1995 order. His July 24, 1995 notice of appeal, to the extent it could apply to the order dismissing Mr. Goad's claims against Mr. Woodlee, was filed over two months too late.

Mr. Goad's appeal from the summary dismissal of his claims against Meharry Hubbard Hospital must meet the same fate. Even though he specifically designated the June 19, 1995 judgment as the one he desired to appeal from, he did not file his notice of appeal with the clerk of the trial court until July 24, 1995. Since the trial court clerk received Mr. Goad's notice of appeal from the June 19, 1995 judgment five days after the expiration of Tenn. R. App. P. 4(a)'s filing deadline, the notice of appeal was filed too late.

### III.

We do not favor dismissing pro se litigants' appeals on what might appear to be technicalities. However, while parties who choose to represent themselves are entitled to fair and equal treatment, they are not entitled to shift the burden of litigating their case to the courts, *see Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983), or to be excused from complying with the same substantive and procedural requirements that other represented parties must adhere to. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Accordingly, they must act within the time periods provided by the applicable statutes and rules in order to have their cases considered. *See Williams-Guice v. Board of Educ.*, 45 F.3d 161, 164 (7th Cir. 1995); *Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

4

Mr. Goad has not filed a timely notice of appeal from the trial court's orders dismissing his claims against Mr. Woodlee or Meharry Hubbard Hospital and has not stated that he is appealing from the trial court's order dismissing his claims against Mr. Woodlee.  Accordingly, we dismiss his appeal and tax the costs of the appeal against him for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
SAMUEL L. LEWIS, JUDGE