IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## BRENDA KAY (FOWLER) CROWE v. WAYNE EDWARD CROWE

**Direct Appeal from the Circuit Court for Smith County**
**No. 4185     Clara Byrd, Judge**

_____

**No. M1999-01889-COA-R3-CV - Decided May 12, 2000**

_____

Wayne Edward Crowe (Husband) appeals the trial court's award to Brenda Kay (Fowler) Crowe (Wife) of alimony *in solido* in the sum of $55,000. Having determined that this award is contrary to the preponderance of the evidence, we vacate that portion of the divorce decree.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court is Vacated in part; Affirmed in part; and Remanded**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

J. Branden Bellar, Carthage, Tennessee, for the appellant, Wayne Edward Crowe.

Jessica Dawn Dugger and Gregory S. Gill, Lebanon, Tennessee, for the appellee, Brenda Kay (Fowler) Crowe.

### OPINION

The parties were married July 2, 1994 and Wife filed a complaint for divorce in February 1998. The complaint alleges that on February 11, 1998, Husband attempted to murder Wife by shooting her with a .357 magnum gun in the abdomen. While Husband denies this allegation in his answer, the unrefuted proof supports Wife's allegation that she was shot by Husband and the trial court found that it was not an accident, but rather an intended act. Husband contends that he lacks the ability to pay this lump sum award due to his incarceration. In addition to the $55,000, the divorce decree further provided that "[u]pon Husband's release from jail and return to work, the amount of Husband's monthly alimony payments to Wife shall be determined and set by this court." Husband was further ordered to be responsible for all of Wife's medical expenses related to the shooting and ordered to pay Wife's attorney's fees in the sum of $5,027.

Our review of this non jury matter is *de novo* upon the record with a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. Rule 13(d) T.R.A.P; *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). The trial court's conclusions of law are not afforded the same presumption. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996). The amount of alimony to be awarded is within the

discretion of the trial court in view of the particular circumstances of the case. ***Aaron v. Aaron***, 909 S.W.2d 408, 410 (Tenn. 1995). The decision is factually driven and requires a balancing of factors including those enumerated in T.C.A. § 36-5-101(d). ***Watters v. Watters***, 959 S.W.2d 585, 593 (Tenn. Ct. App. 1997).

The issue as stated by Husband is "whether the trial court erred in awarding alimony to the plaintiff when the defendant was indigent and incarcerated at the time of trial." However, he concedes in his brief that the only issue he desires the court to address is the award of $55,000 in alimony. The trial court found in ruling from the bench that Husband had dissipated marital assets. We agree that this is a basis for awarding alimony. ***See Houghland v. Houghland***, 844 S.W.2d 619, 623 (Tenn. Ct. App. 1992); ***Hall v. Hall***, 772 S.W.2d 432, 438 (Tenn. Ct. App. 1989). However, our review of the record reveals that Wife testified that she received $55,000 from the sale of premarital property which she owned. That money was used to pay off a truck that she owned and a truck that Husband owned. She also paid off a trailer that he owned. She also made expenditures on their marital home and purchased a car for her mother for $4,000. Although not developed in the record with clarity, it appears that the parties subsequently sold the marital home toward which Husband had made a down payment of $18,000. Proceeds from that sale were used to satisfy two mortgages and a lien. The remaining balance was paid into court and was awarded to Wife in the division of marital property. Wife was awarded virtually all of the marital property with Husband receiving a silver platter and baby rocker as his separate property. Wife was also awarded a dryer which was Husband's separate property because Husband had sold some guns which were marital property. The parties also purchased a tractor which was financed by a loan on the home. Wife also testified that she purchased a boat out of the proceeds of her premarital property. Wife was awarded the boat, motor and trailer as her separate property. Wife was awarded the tractor, the balance of the funds held by the court, a 4-wheeler, tools, all items located in a safe in the office of Husband's attorneys and two guns in possession of the Smith County Sheriff's department. Wife was ordered to pay debts in the amount of $15,000 and Husband was ordered responsible for all of Wife's medical expenses relating to her injuries resulting from the shooting.

In determining an award of alimony, the trial court is to consider all relevant factors including those set forth in T.C.A. § 36-5-101(d)(1) which states as follows:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
> (C) The duration of the marriage;
> (D) The age and mental condition of each party;
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which ti would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

T.C.A. § 36-5-101(d)(1) (Supp. 1999).


In reviewing the statutory factors applicable to the present case, Husband's earning capacity while incarcerated is minimal to say the least. Prior to his incarceration, he was found to have had the ability and was ordered to pay the sum of $250 per week as alimony *pendente lite*. This was a marriage of very short duration and the parties are close in age, Wife having been born in 1949 and Husband in 1947. As heretofore noted, Wife received virtually all of the marital property. Of the factors to be considered, it has often been said that need and the ability to pay are the most critical. *See Loyd v. Loyd*, 860 S.W.2d 409, 412 (Tenn. Ct. App. 1993). Wife's statement of income and expenses shows that she realizes approximately $500 per month after expenses. However, we are aware that this does not include the marital debts which were assigned to her. Fault is a statutory factor to be considered and there can be little doubt of fault in this case on the part of Husband. The final decree entered in this matter states that there are insufficient assets to make Wife whole and that, as a result of Husband's conduct in shooting her, Wife has suffered substantial damages which are permanent in nature. However, the attribution of fault has been interpreted by this court as not to authorize an award of alimony to punish a guilty spouse. *See Lindsey v. Lindsey*, 976 S.W.2d 175, 179 (Tenn. Ct. App. 1997); *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994); and *Lancaster v. Lancaster*, 671 S.W.2d 501, 503 (Tenn. Ct. App. 1984). Therein the court rejected the proposed allowance of "punitive alimony" as such.

Having reviewed this record, we do not find evidence that Husband has the ability to pay the lump sum award of $55,000 alimony *in solido*. As reprehensible as we find his conduct to have been, as did the trial court, we do not feel this award is justified by the record before us. We find that the evidence preponderates against the trial court's finding as to this award.

Husband has further presented the argument that, since he lacks the present ability to pay due to his incarceration, such an award can only come from future earnings. In view of our decision vacating the award of alimony *in solido*, the only issue Husband appealed, we find it unnecessary to address that argument and it is pretermitted.

The judgment of the trial court ordering Husband to pay alimony *in solido* in the amount of $55,000 is vacated and the judgment is otherwise affirmed. Costs of this appeal are taxed to Wayne Edward Crowe, for which execution may issue if necessary.