# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### NOVEMBER 5, 2002 Session

## IN THE MATTER OF: TONY W. HEDGE

**Direct Appeal from the Juvenile Court for Dickson County**
**No. 06-98-299-D;  The Honorable A. Andrew Jackson, Judge**

---

**No. M2002-01218-COA-R3-CV - Filed January 7, 2003**

---

This appeal arises from a contempt proceeding against Attorney Andrew J. Shookhoff.  The juvenile court held Mr. Shookhoff in contempt for his failure to appear at a review hearing involving his minor client.  This appeal ensued.  For the following reasons, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

William H. Farmer, Nashville, TN, for Appellant

Paul G. Summers, Attorney General & Reporter, Kim R. Helper, Assistant Attorney General, Nashville, TN, for Appellee

## MEMORANDUM OPINION[1]

### Facts and Procedural History

Andrew J. Shookhoff ("Mr. Shookhoff"), a member of the Nashville bar, was pro-bono counsel for a juvenile, Tony W. Hedge.  Mr. Shookhoff failed to appear at a December 5, 2001 review hearing involving the juvenile.  On December 7, 2001, the juvenile court judge entered a show cause order, ordering Mr. Shookhoff to appear and show cause why he should not be found in contempt.

---

[1]Rule 10 (Court of Appeals).  Memorandum Opinion. - This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On December 7, 2001, Mr. Shookhoff filed a Motion to Reconsider Show Cause Hearing or Reset Show Cause. In this motion, Mr. Shookhoff stated that he did not realize a hearing was scheduled on December 5, 2001 and that his failure to appear was not intentional. Mr. Shookhoff also apologized to the court and all parties for his inadvertent failure to appear. As a result of this motion, the show cause hearing was rescheduled to January 9, 2002.

At the show cause hearing, the court entered a review order finding Mr. Shookhoff in contempt for his failure to appear at the December 5, 2001 hearing, but reserved further ruling as to sanctions. On January 22, 2002, Mr. Shookhoff filed a notice of appeal to the Circuit Court of Dickson County. On March 6, 2002, the circuit court declined jurisdiction, finding that the matter was appealable to this Court. Despite a lack of jurisdiction, the circuit court judge issued a memorandum opinion, finding that there was "no evidence of willful or intentional misconduct on the part of Mr. Shookhoff."

Thereafter, on February 7, 2002, Mr. Shookhoff filed a notice of appeal with the juvenile court. On appeal, Mr. Shookhoff asks this Court to reverse and dismiss the contempt charges.

## Issues

1.      Did the juvenile court err by holding Mr. Shookhoff in contempt based on his failure to appear at a scheduled hearing.

2.      Whether the juvenile court's failure to specify whether counsel was facing a criminal or civil contempt proceeding invalidates the court's finding of contempt.

3.      Whether, assuming that the juvenile court intended to cite counsel with criminal contempt, the notice given to Mr. Shookhoff failed to comply with Tennessee Rules of Criminal Procedure 42(b) and due process requirements, thereby voiding the juvenile court's finding of contempt.

## Standard of Review

The power of the court to find contempt may and should be used only when necessary "to prevent actual, direct obstruction of, or interference with, the administration of justice." Robinson v. Air Draulics Eng'g. Co., Inc., 377 S.W.2d 908, 911-912 (Tenn. 1964). In deciding if a finding of contempt is warranted, the court must use its sound discretion and its determination is final absent a "plain abuse of discretion." Id. at 912 (citing 17 C.J.S. *Contempt* § 57).

## Law and Analysis

Tennessee Rules of Appellate Procedure 3(a) provides in pertinent part "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." Tenn. R. App. P. 3(a). In the present case, Mr.

Shookhoff appeals the juvenile court's finding holding him in contempt for failure to appear. "A judgment of contempt fixing punishment is a final judgment from which an appeal will lie." <u>Hall v. Hall</u>, 772 S.W.2d 432, 436 (Tenn. Ct. App. 1989) (citing <u>State v. Green</u>, 689 S.W.2d 189 (Tenn. Crim. App. 1984)). "However, a judgment of contempt without the designation of punishment is not a final appealable judgment." <u>Id</u>. (citing T.R.A.P. Rule 3(a); 17 C.J.S. Contempt § 114, p. 301; 4 Am.Jur.2d Appeal and Error § 170, p. 683 and authorities cited therein).

In its order dated January 9, 2002, the juvenile court found Mr. Shookhoff in contempt, but reserved any ruling as to punishment. On January 22, 2002, Mr. Shookhoff appealed this order to the Circuit Court of Dickson County pursuant to Tennessee Code Annotated Section 37-1-159(a). By order dated March 6, 2002, the Circuit Court of Dickson County declined jurisdiction over the matter. In conjunction with its order, the circuit court issued a memorandum opinion, stating that "[t]he Court finds it does not have jurisdiction for this appeal as the appeal lies to the Tennessee Court of Appeals pursuant to Tenn. R. Juvenile P. 36(a), T.C.A. § 37-1-159(g) and T.C.A. § 16-4-108."

Rule 36(a) of the Tennessee Rules of Juvenile Procedure states that "appeals may be taken in accordance with T.C.A. § 37-1-159." Tenn. R. Juvenile P. 36(a). Section (g) of Tennessee Code Annotated Section 37-1-59 is the provision most applicable to the case at bar. This section reads: "[a]ppeals in all other civil matters heard by the juvenile court shall be governed by the Tennessee Rules of Appellate Procedure." Tenn. Code Ann. § 37-1-159(g). Tennessee Code Annotated Section 16-4-108 states that "[t]he court of appeals also has appellate jurisdiction over civil or criminal contempt arising out of a civil matter." Tenn. Code Ann. § 16-4-108(b). While this Court does have jurisdiction over a contempt proceeding arising out of a juvenile court matter, this Court has jurisdiction only over final judgments. <u>See</u> Tenn. R. App. P. 3(a). As previously stated, a finding of contempt "without the designation of punishment is not a final appealable judgment." <u>Hall</u>, 772 S.W.2d at 436.

Our Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." <u>Bayberry Assocs. v. Jones</u>, 783 S.W.2d 553, 559 (Tenn. 1990) (citing <u>Aetna Cas. & Sur. Co. v. Miller</u>, 491 S.W.2d 85 (Tenn. 1973)). Rule 2 of the Tennessee Rules of Appellate Procedure, however, allows this Court to suspend, for good cause, "the requirements or provisions of any of these rules," except for Rules 4, 11 and 12. <u>See</u> Tenn. R. App. P. 2. Therefore, there is "no bar to the suspension of Rule 3(a)." <u>Bayberry Assocs.</u>, 783 S.W.2d at 559.

In order to suspend the requirements of Rule 3(a), this Court must affirmatively show that the rule is suspended and must give a "good reason" for the suspension. <u>See</u> <u>Bayberry Assocs.</u>, 783 S.W.2d at 559; <u>see also</u> Tenn. R. App. P. 2. The stated purpose behind Rule 2 is to empower the courts "to relieve litigants of the consequences of noncompliance with the rules in those circumstances in which it is appropriate to do so." Tenn. R. App. P. 2 (advisory commission comment). We find it appropriate to do so here. This Court, on its own motion and pursuant to Rule 2, suspends Rule 3(a) in this case. <u>See</u> Tenn. R. App. 2.

Almost an entire year has passed since the juvenile court's finding of contempt. It is highly unfair and prejudicial to Mr. Shookhoff to have the stigma of a contempt sanction hanging over his head. We find this to be "good reason" to suspend the application of Rule 3(a) and address the merits of Mr. Shookhoff's appeal.

Mr. Shookhoff argues that the juvenile court erred in finding him in contempt for his inadvertent failure to appear at the December 5, 2001 review hearing. The crux of Mr. Shookhoff's argument is that the juvenile court made no finding that his failure to appear was intentional or willful. Based on the record before this Court, we agree.

"An act of contempt is a willful or intentional act that offends the court and its administration of justice." Ahern v. Ahern, 15 S.W.3d 73, 78 (Tenn. 2000) (citations omitted). Tennessee Code Annotated Section 29-9-102 provides for the power of the courts to find contempt. This provision states that a court may punish as contempt "[t]he willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice." Tenn. Code Ann. § 29-9-102(1). The court may also find contempt where "[t]he willful disobedience or resistence of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts." Tenn. Code Ann. § 29-9-102(3). "Thus, to find contempt under this statute, a court must find the misbehavior, disobedience, resistence or interference to be willful." Ahern, 15 S.W.3d at 79.

This Court has previously held that "finding of willful conduct must precede a judgment for contempt." Haynes v. Haynes, 904 S.W.2d 118, 120 (Tenn. Ct. App. 1995). In the opinion of this Court, there is nothing in the record to suggest that Mr. Shookhoff's failure to appear was willful. Instead, Mr. Shookhoff's absence was predicated on a clerical error and was merely an unintentional oversight. With no evidence of willful contempt, we find that the juvenile court abused its discretion in hold Mr. Shookhoff in contempt.

## Conclusion

Accordingly, we reverse the juvenile court's finding of contempt and dismiss the case. We find that the disposition of the first issue renders unnecessary any discussion of Mr. Shookhoff's two remaining issues. Costs on appeal are taxed to the Appellee, the State of Tennessee, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-4-