IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 20, 2004 Session

## KAREN LEE HANEY FLETCHER v. JOHN MARC FLETCHER

A Direct Appeal from the Chancery Court for Madison County
No. 56570    The Honorable Joe C. Morris, Chancellor

No. W2003-00715-COA-R3-CV - Filed February 11, 2004

Husband-appellant appeals order of the trial court holding him in civil contempt and designating punishment and the order of the trial court denying motion to modify alimony order. The notice of appeal was filed 30 days from the date of the trial court's order denying the motion to modify but the filing was approximately one year after the contempt order. On appeal, we dismiss the appeal of the contempt order as untimely and affirm the order denying modification.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Dismissed in Part, Affirmed in Part and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Sam J. Watridge, Humboldt, For Appellant, John Marc Fletcher

David W. Camp, Jackson, For Appellee, Karen Lee Haney Fletcher

**OPINION**

Appellee Karen Lee Haney Fletcher ("Wife" or "appellee") and appellant John Marc Fletcher ("Husband" or "appellant") were married in Jackson, Tennessee on February 10, 1986. After approximately thirteen years of marriage, Wife filed for divorce, alleging irreconcilable differences. By Final Judgment for Divorce dated January 5, 2000, the chancery court granted the parties an absolute divorce on the grounds cited in Wife's complaint. The court's order further incorporated the parties' Marital Dissolution Agreement ("MDA"), dated September 17, 1999.

The parties' MDA included the following provisions with regard to child support and alimony:

4. CUSTODY & CHILD SUPPORT. Husband and Wife shall have joint legal custody and control of their minor children though Wife shall have physical custody. Such care, custody, and control shall continue with respect to each child until the child reaches majority or sooner becomes emancipated, subject, however, to the visitation set forth in this Agreement.

It is further agreed between the parties that the Husband will pay $1525 per month as child support to the Wife for support of the children; it is understood and agreed between the parties that said child support is modifiable under Tennessee law according to changing circumstances and increases or decreases in Husband's income, and said support may be set according to the Tennessee Uniform Child Support Guidelines. Child Support payments are due on or before the first of each month. If payments are not made by the 10th of each month a penalty of 10% shall be added. This child support shall remain an obligation of Husband until each child reaches 18 years of age or graduates from high school, whichever is later. Husband shall claim the children as dependents for purposes of income tax.

Wife shall be responsible for purchasing and maintaining a health insurance policy as well as co-pays and prescriptions for the children. Husband shall provide and/or pay for all of the following for both children while each is a minor: 1) all dental expenses, 2) all psychological expenses not covered by insurance, 3) school tuition, 4) all music lessons, 5) all theater and sports camps, 6) assign a $500,000 permanent or whole life insurance policy to an irrevocable trust for the children with Wife as the trustee, and 7) all coinsurance or deductibles. Husband shall be informed and given opportunity for input on items 3, 4, and 5 before they occur and shall be sent all bills on these activities.

**************************************************

5. SUPPORT AND MAINTENANCE OF SPOUSE. Husband shall pay to Wife as and for her necessary maintenance and support, and Wife shall accept in full settlement and satisfaction of her right, claim, and demand for such support, maintenance, and alimony against Husband, the following amounts: monthly payments of $2,850 until a total of $342,000 has been paid. Payments are to begin on the first of the month after execution of this Agreement. All payments are due and payable on or before the first of each month

and if not paid by the 10th a penalty of 10% shall be due. Husband shall have the right to prepay this obligation at any time by giving Wife notice in writing sixty days beforehand. Prepayment shall be determined on a present value basis by using a standard formula approved by and customarily used by First Tennessee National Bank.

Husband shall immediately assign an existing $300,000 term life policy to Wife for the purpose of securing his debt to Wife. Husband shall have the option of reducing the policy to reflect the existing debt at that time, after consultation with Wife. Wife shall be provided all documentation and releases necessary to remain informed of the status of this policy.

On July 13, 2001, Wife filed a Petition for Contempt against Husband, alleging that appellant was in "willful and intentional" violation of the parties' MDA for failure to do the following: (1) pay alimony; (2) maintain an effective and valid life insurance policy; (3) relinquish the Wife's mother's CD to Wife; (4) "maintain payments" on the parties home at 267 Parksburg Road, Jackson, Tennessee; and (5) make payments toward the parties' credit card debt. Wife's petition further alleged that Husband was $3,431.46 in arrears on his alimony obligations. Husband filed an Answer and Counter-Petition to Wife's petition on November 7, 2001. In his Answer, Husband admitted to the provisions in the MDA, but maintained that they were "impossible for him to make." Husband's Counter-Petition requested the court to modify all "material parts" of the MDA to "conform to the changed circumstances of the Husband." Specifically, Husband asked the court to modify and reduce his child support obligations, eliminate alimony, and credit him "toward any arrearage for services he has provided which exceed the terms of the agreement." Husband cited the following changed circumstances and allegations of fact in support of his request:

Respondent alleges that since the tornado in 1999, he has experienced financial reversals as some of his property was lost or reduced in value; that he has been forced to sell property at compromised values and that he has generally experienced great financial hardship.

Respondent further alleges that the modification to pay alimony is based upon the lack of need of the Petitioner and the inability of the Respondent to pay.

On November 26, 2001, Wife filed a "Motion to Order Immediate Payment of Private School Tuition," alleging that Husband had failed to maintain payments on the children's school tuition.

Wife requested the court to order immediate payment, and further hold Husband in willful contempt of the court's Final Judgment incorporating the parties' MDA.[1]

A hearing on Wife's Petition for Contempt, Husband's Answer and Counter-Petition, and Wife's Answer to Husband's Counter-Petition, was held on January 8, 2002. By letter dated January 11, 2002, Chancellor Joe C. Morris informed counsel for both parties of his finding of contempt, stating:

> In the above cause, the Court is of the opinion that the Defendant is in contempt of Court, but the Court is willing to consider a plan for the Defendant to purge himself. The averment that the Defendant did not have the capacity to contract on September 17, 1999, is not valid. He introduced an income tax return that showed his income for 1998 was minus $86,000. Mr. Fletcher now claims his income is $1,000 per month. His life style does not justify either position.

The court entered an order on Wife's petition on February 27, 2002, finding Husband in willful contempt of the court's January 5, 2000 order. The court denied Husband's Counter-Petition for the reasons stated in Chancellor Morris's January 11, 2002 letter. The court further calculated the total amount of arrearages due and payable by Husband as $294,592.79. This total included, among other obligations, $8,387.50 in child support arrearages, $56,530.00 in alimony arrearages, and $6,072.00 for private school tuition. With regard to its finding of contempt, the court directed:

> The Respondent is ordered to present a plan to the court to purge himself of the contempt. The respondent is further ordered to keep all payment obligations to the petitioner current pending submission and approval of Respondent's plan to purge himself.

On May 22, 2002, Wife filed a "Petition for Enforcement of Order of Contempt and for Writ of Attachment." Wife's petition alleged that Husband had failed to comply with the court's February 27, 2002 order, specifically noting that Husband owed $9,556.25 child support, and $71,588.00 in alimony. Wife calculated Husband's total amount of arrears as $414,869.50. Wife further requested that Husband be committed to the county jail "until he purges himself from contempt by paying unto the Court all child support, alimony, school tuition and attorney fees dues or at least a sum to assure that past amounts on the mortgage payment be made and all payments be made current."

Later that day, the chancery court entered an order granting a writ of attachment and further ordering Husband to the custody of the Madison County Sheriff. The court's order declared

---

[1] We note that the court did not specifically rule upon this motion. The court did, however, address Husband's failure to pay the children's private school tuition in its ruling upon Wife's Petition for Contempt and Answer to Husband's Counter-Petition and Husband's Answer and Counter-Petition.

-4-

Husband in contempt of court for refusal and failure to comply with the obligations set forth in the parties' MDA as incorporated by reference into the court's Final Judgment for Divorce. The court's order further directed that Husband would be committed to the Madison County, Tennessee jail until such time as he purged himself from contempt by paying all "child support, attorney fees, alimony, marital debt, mortgage payments, the minor children private school tuition and Certificates of Deposit." The court calculated the total amount of arrears due and payable to Wife as $414,869.50.

In June 2002, Husband filed a Chapter 7 Bankruptcy Petition. On August 29, 2002, he filed a motion to modify the court's final orders, presumably the orders of January 5, 2000 and February 27, 2002. Husband's motion sought a reduction of his child support payments and termination of alimony on the basis that he did not have sufficient assets to satisfy either obligation. Husband further averred that his "bankruptcy and financial hardship constitutes material changed circumstances."

A hearing on Husband's motion was held on November 26, 2002. By order entered February 18, 2003, the court granted Husband's motion to reduce his child support obligations, and directed him to "pay child support based on his present income of two thousand and five hundred dollars ($2,500.00) per month in the amount of six hundred and forty-nine dollars ($649.00) per month effective the date the Motion to Reduce Child Support was filed." The court further determined that Husband was obligated to pay Wife $342,000.00 in alimony *in solido* "over a period of time at the rate of two thousand eight hundred and fifty dollars ($2,850.00) a month," and held that Wife was entitled to a judgment in the amount of any arrearage. The court's order additionally directed Husband to make "arrangements to pay to the Plaintiff an additional thirty thousand dollars ($30,000.00) in order to maintain herself if possible." The court's order finally directed that Husband "shall make arrangements to take care of these obligations immediately, if at all possible."

On March 14, 2003, Husband filed a Notice of Appeal of the chancery court's February 27, 2002 and May 22, 2002 orders finding Husband in contempt, and the court's February 18, 2003 order denying his request for termination of alimony.

On April 2, 2003, Husband filed an "Intent to File a Statement of the Evidence." In June 2003, Husband filed a Statement of the Evidence setting forth the following pertinent facts from the hearing:[2]

> Mr. Fletcher testified that he was behind on his payments but did not have the ability to pay.

---

[2] Husband fails to identify whether this evidence was presented at the January 8, 2002 or the November 26, 2002 hearing, or both.

He further testified that he was a heavy drinker at the time of the agreement and just really though he could make the required payments but he was mistaken.

He testified that his main source of income was from rental property which was $1,000.00 from rental property.

His income tax return for 1998 exhibited in the court which reported an income of $85,296.00.

He testified that he had invested in real property and a combination of deals falling through, tornado damage and undesirable property had taken its toll and that he had been advised to file bankruptcy but had not.

**************************************************

He testified that he had suffered foreclosure of two parcels of real property in May and June of 2001 and had his 1997 Cadillac repossessed in July 2001.

He further testified that when a tornado hit Jackson in 1999, it destroyed a Laundromat under construction which demolished what was there and he was stuck with washers and dryers which were delivered.

He also had court battles which resulted where liens were filed on everything he had by a former partner.

He further testified that he knew his wife thought he had assets hidden but he did not and did not have the means to pay as the marital dissolution required.

**************************************************

He testified that his child support should be based upon a monthly gross income of twenty-five hundred dollars.

He further testified that the alimony should be modified or terminated because his wife had a Master's Degree and teaching certificate and she did not need the alimony.

Husband presents the following issues for review by this Court:

Whether the trial court erred in refusing to modify the prior orders of the court to provide for termination of Husband's alimony obligations.

Whether the trial court erred in holding Husband in contempt.

Since this case was tried by the court without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

To briefly reiterate, the parties' MDA provided that Husband would pay Wife "monthly payments of $2,850 until a total of $342,000 has been paid." Although not explicitly stated in the MDA, we classify the parties' agreement as one for payment of alimony *in solido*. Alimony *in solido* is an award of a definite sum of alimony and "may be paid in installments provided the payments are ordered over a definite period of time and the sum of the alimony to be paid is ascertainable when awarded." *Waddey v. Waddey*, 6 S.W.3d 230, 232 (Tenn. 1999) (citing *McKee v. McKee*, 655 S.W.2d 164, 165 (Tenn. Ct. App. 1983)). We find that the parties' alimony agreement meets all of the criteria specified, and thus is correctly classified as an agreement for payment of alimony *in solido*.

It is settled law in Tennessee that final awards of alimony *in solido* are not modifiable. *Day v. Day*, 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996) (citing *Brewer v. Brewer*, 869 S.W.2d 928 (Tenn. Ct. App. 1993)). The parties' MDA was incorporated as part of the court's Final Judgment for Divorce, entered January 5, 2000. This judgment or decree became final thirty days after its entry. Husband did not file his Counter-Petition seeking modification of the MDA's alimony provision until November 7, 2001. We thus find that Husband failed to timely seek modification of the MDA's alimony provision. Husband's first issue is therefore without merit.

Husband next asks this Court to consider whether the trial court erred in holding appellant in contempt. The chancery court's order on Wife's Petition for Contempt was entered February 27, 2002, and held Husband in civil contempt for failure to comply with the court's Final Judgment for Divorce. The court's order specifically cited appellant's repeated failure to pay child support and alimony, and thereby directed Husband to "present a plan to the court to purge himself of the

contempt" and "keep all payment obligations to the petitioner current pending submission and

approval of Respondents plan to purge himself."

As a result of Husband's continued noncompliance, Wife filed a Petition for Enforcement of Order of Contempt and for Writ of Attachment. On May 22, 2002, the chancery court entered an order granting a writ of attachment and committing Husband to the custody of the Madison County, Tennessee Sheriff. The court's order, quoted in its entirety, stated:

> This cause came to be heard before the Honorable Joe C. Morris, Chancellor, holding Chancery Court for Madison County, Tennessee, and it appeared satisfactorily to the Court that the Respondent, John Marc Fletcher, is guilty of Contempt of Court. The Respondent should be committed to the Madison County Jail, Madison County, Tennessee until he purges himself from contempt by paying Petitioner, child support and past due attorney fees in the amount of _____.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED
>
> 1. That the Respondent, John Marc Fletcher, be and is hereby declared in contempt of the order of this court and that he has refused and failed to pay child support, attorney fees, alimony, marital debt, mortgage payments, the minor children private school tuition and Certificates of Deposit. The total amount of arrears due and payable to the Petitioner by the Respondent is $414,869.50.
>
> 2. That the Defendant, John Marc Fletcher, be committed to Madison County Jail in Madison County, Tennessee, until he purged himself from contempt by paying unto the Court all child support, attorney fees, alimony, marital debt, mortgage payments, the minor children private school tuition, Certificates of Deposit.
>
> 3. That the Clerk of the Chancery Court shall issue a Capias for the attachment of the body of John Marc Fletcher with a bond to be set in the amount of $30,000.00.
>
> 4. That the Respondent be required to pay the court cost of this cause, for which that execution issue.

On August 29, 2002, Husband filed a Motion to Modify the court's final orders. Husband's motion sought a reduction in his child support obligations and termination of his alimony payments. By order entered February 18, 2003, the court decreased Husband's monthly child support obligations and directed Husband to pay to Wife "a total of three hundred and forty-two thousand dollars ($342,000.00) in alimony in solido over a period of time at the rate of two thousand eight hundred and fifty dollars ($2,850.00) a month." The court further determined that Wife was entitled to a judgment in the amount of any alimony arrearage. Husband filed a Notice of Appeal on March 14, 2003, said notice providing:

> Pursuant to Rule 3, Tennessee Rules of Appellate Procedure, the Appellant Marc Fletcher as a matter of right appeals to the Tennessee Court of Appeals from the Chancery Court of Madison County. The appellant appeals from the Orders which found him in contempt and the denial of his Motion to Modify the Court's orders to terminate alimony. The Trial Court held that the Appellant is obligated to pay the Appellee Three Hundred Forty-Two Dollars ($342,000.00) in alimony at Two Thousand Eight Hundred Fifty Dollars ($2,850.00) per month and to pay Thirty Thousand Dollars ($30,000.00) immediately.

In **Hall v. Hall**, 772 S.W.2d 432 (Tenn. Ct. App. 1989), the appellate court noted:

> A judgment of contempt fixing punishment is a final judgment from which an appeal will lie. **State v. Green**, Tenn. Cr. App. 1984, 689 S.W.2d 189.
>
> However, a judgment of contempt without the designation of punishment is not a final appealable judgment. T.R.A.P. Rule 3(a); 17 C.J.S. **Contempt** § 114, p. 301; 4 Am.Jur.2d **Appeal and Error** § 170, p. 683 and authorities cited therein.

*Id*. at 436. **See also Long v. Long**, No. 01A01-9406-CV-00270, 1995 WL 33741, at *3 (Tenn. Ct. App. Jan. 27, 1995) (citing **Hall**, 772 S.W.2d at 436; **Cooper v. Cooper**, 471 N.E.2d 525, 526 (Ohio Ct. App. 1984) ("finding that 'there is not a final order' from which to appeal where the trial court held the mother in contempt of court but withheld the imposition of sanctions")).

The chancery court's February 27, 2002 order finding Husband in contempt did not designate punishment for appellant's failure to comply with the court's prior orders. For this reason, we find that the February 27, 2002 order is not a final judgment from which an appeal lies, and therefore necessarily conclude that Husband's appeal of this order is not properly before this court.

Husband also challenges the correctness of the chancery court's May 22, 2002 order finding appellant in contempt. Unlike the chancery court's February 27, 2002 order, we find the court's

order of May 22, 2002 to be a final and appealable judgment. The chancery court specifically ordered Husband's imprisonment in the Madison County, Tennessee jail until such time as he "purged himself from contempt by paying unto the Court all child support, attorney fees, alimony, marital debt, mortgage payments, the minor children private school tuition, Certificates of deposit." Thus we find that the court's order included a designation of punishment sufficient to render the order a final and appealable judgment.

Husband did not file a notice appealing the trial court's May 22, 2002 order until May 14, 2003, nearly one year after entry of the final judgment of contempt. Tennessee Rule of Appellate Procedure 4(a) provides that an appeal as of right to the appellate court "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from...." In light of Rule 4(a), we find that Husband failed to file a timely notice of appeal of the chancery court's May 22, 2002 order finding him in civil contempt, thus depriving this Court of jurisdiction for this issue.

Accordingly, the appeal of the trial court's order on contempt is dismissed. The trial court's order of February 18, 2003 is affirmed and the case is remanded for such further proceedings as may be necessary. Costs of appeal are assessed against appellant, John Marc Fletcher, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.