STATE of Tennessee, Appellee,

v.

**Bob McD. GREEN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Sept. 14, 1984.

John T. Milburn Rogers, Greeneville, Charles T. Herndon, IV, Johnson City, for appellant.

W.J. Michael Cody, State Atty. Gen., Wayne E. Uhl, Asst. State Atty. Gen., Nashville, William R. Mooney and Teresa Murray, Asst. Dist. Attys. Gen., Johnson City, for appellee.

## OPINION

BYERS, Judge.

The defendant has filed an appeal as of right under Rule 3 T.R.A.P. from five judgments of summary contempt imposed upon him by the Criminal Court of Washington County.

The state has filed a motion to dismiss the appeal in which they contend that a summary contempt may not be reviewed on an appeal as of right under Rule 3. The state insists that summary judgments of contempt are reviewable only by way of extraordinary writs, and they rely upon cases decided long before the advent of the Tennessee Rules of Appellate Procedure.

Rule 3(b) T.R.A.P. provides that a defendant may appeal from a final judgment in a criminal contempt. The state's position, however, is that because the judgment in this case was entered summarily against a lawyer for direct contempt in the presence of the court, this portion of the rule is not applicable.

The purpose behind the adoption of the various procedural rules was to simplify proceedings in the courts of this state and to abolish so far as possible the use of common law procedures which were cumbersome, outdated, and unnecessary.

In our opinion, it behooves the courts to interpret the rules in such a manner as to give applicability thereof to proceedings rather than to interpret them in such a way as to reimpose on our procedures the more cumbersome common law forms, when such application can be done without prejudice to the rights of litigants. Rule 3(b) makes no distinction between direct contempt or that contempt which would require notice and a hearing.

In our view a judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor, 17 C.J.S. *Contempt* § 114 (1963), and is thus appealable as of right under Rule 3 T.R.A.P. It matters not that the proceedings out of which the contempt arose are not complete.

The motion of the state to dismiss the appeal is therefore denied.

O'BRIEN and DUNCAN, JJ., concur.