IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 5, 2008

## STATE OF TENNESSEE, EX REL. TERESA GARRISON
## v. LARRY L. SCOBEY

**Direct Appeal from the Juvenile Court for Dyer County**
**No. 4714     Tony Childress, Judge**

_____

**No. W2007-02367-COA-R3-JV - Filed October 22, 2008**

_____

This is a child support case.  The trial court determined Respondent Father had the ability to earn minimum wage and entered a temporary order of support ordering him to pay child support based upon a minimum wage income.  Father filed a motion to set aside the order and failed to pay the ordered support.  The State, acting ex rel. Mother, filed a petition for contempt, a petition for retroactive child support, and a petition to set permanent child support.  Following a hearing, the trial court denied Father's motion to set aside the temporary support order, affirmed the finding that Father was capable of earning minimum wage, and held Father in criminal contempt.  The trial court also ordered Father to pay retroactive child support.  The trial court stayed its order sentencing Father to jail for criminal contempt pending appeal to this Court.  Father appeals the order finding him in contempt, the denial of his motion to set aside the temporary order of support, and the order of retroactive child support. We reverse the order on contempt and dismiss the remainder of Father's appeal for failure to appeal a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed in part;**
**Dismissed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J., joined.
J. STEVEN STAFFORD, J., not participating.

Kenneth Greg Alford, Dyersburg, Tennessee, for the appellant, Larry Scobey.

Robert E. Cooper, Jr., Attorney General and Reporter and Warren Jasper, Assistant Attorney General, for the appellee, State of Tennessee, ex rel. Teresa Garrison.

**OPINION**

Teresa G. Garrison ("Mother") and Larry L. Scobey ("Father") are the unmarried parents of two minor children, born in April 1989 and July 1992.  Until 1997, they shared the children, both

caring and providing for them. It is undisputed that Father has not contributed to the support of the children since early 1997.

This long and rather convoluted child support dispute began in October 2005, when the State of Tennessee, ex rel. Teresa G. Garrison, filed a "Petition To Set Support Based on Voluntary Acknowledgment" against Larry L. Scobey in the Juvenile Court for Dyer County. In its petition, the State sought prospective and retroactive child support. The State also sought an order requiring Father to provide medical insurance for the children, and to pay for the children's medical, dental and optical expenses. The matter came before the court in December 2005 and was continued until February 7, 2006. The order continuing the matter advised Father to have his attorney with him at the February hearing should he choose to hire one. Father and his attorney appeared at the February 7, 2006, hearing and requested an additional continuance until April 4, 2006. Mother, counsel for the State, and Father appeared before the trial court on April 4. Following a hearing, the trial court entered a temporary order ordering Father to pay child support in the amount of $219 per month and reserving all other matters. The trial court entered its temporary order on May 2, 2006.

Between the April 4 hearing and the entry of the trial court's order on May 2, on April 12, 2006, Father filed a motion to set aside the order setting temporary support. In his motion, Father asserted that his legal counsel was unable to attend the April 4 hearing because counsel was a member of a chainsaw team assisting with relief efforts following a tornado in Dyer County on April 2. He further asserted that he had not received a signed order from the February 7 hearing. Father's petition also asserted that counsel had left a message for the trial court's secretary that he was unable to appear at the April 4 hearing, and that he had also faxed Mother's attorney asking her to reschedule the matter. The petition further stated that Father had not worked since early 1997 due to injuries and that he should be allowed to put on proof of disability.

On April 13, 2006, Father also filed an answer and counter-petition seeking full legal and physical custody. In his petition, Father asserted he had supported the children until 1997, that Mother had intentionally injured him and then left with the children in early 1997, and that he did not know where the children were after that time. The certificate of service attached to Father's counter-complaint indicates that it was served upon Christy Cooper (Ms. Cooper), who represented the State in the child support matter.

No further action was taken by Father, and Father did not pay the temporary support ordered by the trial court. In August 2006, the State filed a petition for contempt and to obtain judgment on arrears. In its petition, the State asserted that Father owed at least $438 in child support arrears and that Father was guilty of criminal contempt for the willful failure to abide by the court's May 2006 order. The State prayed the trial court to find Father in criminal contempt and to sentence Father to the Dyer County Jail for a period of ten days per violation of the court's order. The State also prayed for a judgment against Father in the amount of the child support arrears. The matter came to be heard on September 19, 2006, and the trial court continued the matter indefinitely upon determining that Father had not been served.

In November 2006, the State filed a petition seeking an order setting permanent and retroactive child support. In its petition, the State also sought an order requiring Father to provide medical insurance for the children and to pay their medical and dental expenses. In December 2006, Father filed his response to the State's November petition. In his response, Father alleged that Mother had failed to respond to the interrogatories, requests for production, and requests for admissions that were served upon Ms. Cooper in conjunction with his counter-complaint for full legal and physical custody. Father asserted that matter should be dismissed for Mother's willful failure to respond. He also asserted that, notwithstanding his April 12 motion to set aside, he was not served with the trial court's April 4 order. Father reiterated his assertion that he had not worked since early 1997 and stated that he was seeking Social Security disability and/or SSI. Father also filed a motion to deem requests for admissions admitted and a notice that the matter was set for hearing on January 16, 2007. The parties came before the trial court on January 16, 2007; the trial court appointed Father legal counsel on the contempt matter; and the matter was continued until February 20, 2007. In February, the matter was again continued until March 20, 2007. On March 20, 2007, Mother, by and through counsel Barbara A. Deere (Ms. Deere), filed her answer to Father's counter-petition and denied Father's allegations. The trial court finally heard the entire matter on March 20, 2007.

Upon review of the record, we observe that the proceedings before the trial court became somewhat complex in light of the several issues pending before the court. The trial court held a multi-phase hearing, first addressing Father's motion to set aside the May 2006 order on temporary support. Finding Father had failed to move for a continuance and that a telephone message informing the court that counsel would be unavailable on the date of the hearing did not constitute such a motion, the trial court denied the motion to set aside. The trial court's order, entered July 17, 2007, denied Father's motion to set aside and stated that the order entered in May 2006 would "remain in force pending final hearing in this cause."

The trial court next addressed Father's motion to deem the requests for admissions admitted. During the course of this portion of the hearing, Ms. Cooper advised the trial court that she was not before the court on behalf of Mother but on behalf of the State, and that she was not the proper attorney for service with respect to Father's counter-petition. Ms. Cooper further advised the court that Mother had not been served with the counter-petition, interrogatories and requests for admissions until February 20, and that the time for her to respond had therefore not passed. Considerable discussion ensued with respect to whether the State's attorney was properly served with the requests for admissions and as to whether the requests were, therefore, properly deemed admitted. Ms. Deere advised the court that Mother would "absolutely deny every one of them." The trial court determined that the hearing would be confined to the child support matters and would not adjudicate Father's counter-petition. Apparently, Ms. Cooper had responded to the interrogatories that dealt with child support, but not the requests for production. Upon review of the requests for admissions, the trial court admitted those relevant to the issue of child support, deemed them admitted for the purposes of child support, and denied Father's motion to dismiss for failure to respond to discovery requests. The trial court entered its order on request for admissions on July 17, 2007.

The trial court next addressed the State's petition for contempt and to obtain a judgment on arrears. Although Father did not deny that he had failed to pay child support as ordered in May 2006, he asserted that he had been unable to work since 1993 and was, therefore, unable to pay child support. The trial court found Father to be in contempt and entered its order of contempt on July 17, 2007. In its July order, the trial court granted the State's petition for contempt, finding Father had willfully failed to pay child support for June, July and August 2006. The trial court sentenced Father to ten days in jail for each of the three violations.

The trial court next addressed the State's petition for retroactive child support. The trial court imputed a minimum wage income to Father. By order entered July 18, 2007, the trial court ordered Father to pay retroactive child support in the amount of $20,292 for the period January 1, 1997 until April 2006, excepting a period of 35 months during which Father was incarcerated. In August 2007, the parties entered a consent order on Father's counter-petition, providing that Mother would be named primary residential parent and setting Father's visitation. Father filed a motion for new trial or petition to modify and/or vacate the order on criminal contempt in August 2007. Father also filed a petition to modify and/or vacate the order on retroactive child support, asserting that the trial court erred in setting retroactive child support and asserting Mother owed Father child support for the period April 1989 to January 1997. The trial court denied the motion following a hearing in September 2007. Final judgment was entered in the matter on September 19, 2007, and Father filed a notice of appeal to this Court on October 18, 2007. The matter was assigned to this judge on August 5, 2008.

### *Issues Presented*

Father presents ten issues for our review. As we perceive them, the issues raised are:

(1)     Whether the trial court erred in finding Father in willful contempt.

(2)     Whether the trial court erred in hearing Father's motion to set aside the temporary order of support and the State's petition for contempt on the same day.

(3)     Whether the trial court erred in denying Father's motion to set aside the April 4, 2006, temporary child support order and in refusing Father's request for medical evaluation.

(4)     Whether the trial court erred by determining Father was capable of earning minimum wage and in setting child support based on this finding and a finding that Father had not visited the children since early 1997.

(5)     Whether the trial court erred in failing to admit all of Father's requests for admissions and in allowing Mother to testify regarding matters related to the request for admissions.

-4-

(6)      Whether the trial court erred in finding that Mother was the primary residential parent during the period prior to 1997, when the parties shared the children.

## Analysis

We begin our analysis by noting that a judgment on contempt becomes final upon entry of the judgment imposing a punishment therefore. *State v. Green*, 689 S.W.2d 189, 190 (Tenn. Cr. App. 1984)(citing17 C.J.S. Contempt § 114 (1963)). Under Rule 3 of the Tennessee Rules of Appellate Procedure, it is appealable as of right regardless of whether the underlying proceedings out of which the contempt arose are complete. *Id.* Accordingly, like the trial court, we will review the contempt issues presented in this case separately, treating Father's notice of appeal of the trial court's order on contempt as distinct from the remainder of the appeal.

"[S]anctions for criminal contempt are generally both punitive and unconditional in nature." *Black v. Blount*, 938 S.W.2d 394, 398 (Tenn. 1996)(citations omitted). Although a criminal contempt proceeding may arise during the course of civil litigation, such proceedings "in a very true sense raise an issue between the public and the accused." *Id.* (quoting *State ex rel. Anderson v. Daugherty*, 191 S.W. 974 (Tenn. 1917) (internal citations and quotations omitted)). Accordingly, guilt of criminal contempt must be established by proof beyond a reasonable doubt. *Id.*

In its brief to this Court, the State asserts that it "cannot in good faith urge affirmance of the trial court's judgment finding criminal contempt." Accordingly, we reverse the trial court's July 17, 2007, order finding Father in criminal contempt.

### *Jurisdiction*

We next turn to the remainder of Father's appeal. Before turning to the issues raised on appeal, however, under Rule 13(b) of the Tennessee Rules of Appellate Procedure we must first determine whether this Court has subject matter jurisdiction to adjudicate this appeal. Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). This Court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990).

Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, in relevant part:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order

that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

In an action involving multiple parties or multiple claims, any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. Accordingly, the subject matter jurisdiction of this Court is limited to final orders, except as otherwise provided. *Bayberry Assocs.*, 783 S.W.2d at 559.

Upon review of the record in this case, we have determined that, excepting the order of contempt addressed above, Father has failed to appeal a final judgment. As noted above, the trial court's July 17, 2007, order on Father's motion to set aside the order of temporary support provides that the court's April 2006 temporary order "shall remain in force pending final hearing in this cause." We note that the temporary order reserved the issues of retroactive child support and medical insurance. Although the issue of retroactive child support was adjudicated and judgment thereon entered in July 2007, the issue of medical insurance has not been adjudicated in the trial court. Further, as the trial court noted during the March 2007 hearing, the State's November 2006 petition to set permanent child support was not adjudicated at that hearing, and the order on temporary support is not an appealable final order. Finally, we find no order denying the State's claim for arrears for the period June, July and August 2006, or awarding the State a judgment thereon. Therefore, the judgment in this case is not final and we are without jurisdiction to address the issues raised on appeal.

## *Holding*

In light of the foregoing, the trial court's order holding Father in contempt and sentencing him to jail is reversed. The remainder of this matter is dismissed and remanded to the trial court. Costs of this appeal are taxed one-half to the Appellee, the State of Tennessee, ex rel. Teresa G. Garrison, and one-half to the Appellant, Larry L. Scobey.

_____
DAVID R. FARMER, JUDGE