
# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 26, 2017 Session

## RAYMOND CASS BALLARD v. GERTRUDE CAYABAS

**Direct Appeal from the Chancery Court for Dyer County**
**No. 10-CV-195      Tony Childress, Chancellor**

_____

### No. W2016-01913-COA-R3-CV

_____

This is an appeal arising out of a petition to change the primary residential parent and a petition for civil and criminal contempt. The notice of appeal for the criminal contempt finding was not timely filed, and the appeal is therefore dismissed as to the criminal contempt. With respect to the remaining issues, we remand this matter to the trial court for the limited purpose of conducting an evidentiary hearing regarding the timeliness of this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

John Edward Eldridge, Knoxville, Tennessee, for the appellant, Raymond Cass Ballard.

Vanedda Prince Webb, Dyersburg, Tennessee, for the appellee, Gertrude Cayabas.

### OPINION

This appeal arises out of a petition to change primary residential parent and a petition for civil and criminal contempt. Appellant Raymond Cass Ballard and Appellee Gertrude Cayabas are the parents of a son, who was born in 2008. At the time of the parties' divorce, Ms. Cayabas was named primary residential parent.

In July 2015, Mr. Ballard filed a petition for civil contempt, criminal contempt, and modification of the permanent parenting plan, asking to be named primary residential parent. The trial court conducted a hearing on Mr. Ballard's petition on July 20 and 21, 2016.

The trial court entered multiple orders disposing of the claims in this case. On July

21, 2016, the trial court entered an "Order on Petition for Criminal Contempt," wherein it held that Ms. Cayabas was in criminal contempt and imposed sentences for the contempt. On July 27, 2016, the trial court entered an "Order" that merely attached the court's findings of fact and conclusions of law on the issues of criminal contempt but did not otherwise alter its July 21 order.

Also on July 27, 2016, the trial court entered an "Order on Petition for Civil Contempt and Modification" that, among other things, denied Mr. Ballard's request to hold Ms. Cayabas in civil contempt, denied the petition to modify the current parenting plan or the parenting schedule, denied Mr. Ballard's request for attorney's fees, and awarded Ms. Cayabas a judgment for attorney's fees and expenses. The trial court filed yet another "Order" on July 27, 2016, attaching the court's "findings of fact and conclusions of law on the issues of civil contempt and all modification issues tried before [the court]." The trial court also filed a separate document entitled "Conclusions of Law Regarding Attorney Fees" on July 27, 2016, explaining its reasoning for declining to award attorney's fees to Mr. Ballard and for awarding attorney's fees to Ms. Cayabas. With the filing of these four orders on July 27, 2016, all the claims between the parties were resolved by the trial court.

On August 3, 2016, the trial court entered a document entitled "Conclusions of Law," which provided, in its entirety:

> Factors 1, 2, 3, 4, 5, 6, 7, 8, 12, and 14 listed in Tennessee Code Annotated section 36-6-106(a), are neutral and favor neither party. Factor 9 slightly favors Mr. Ballard due to the fact that the child's minor sibling lives with him, the close relationship these two siblings have with one another, and the child's relatives on Mr. Ballard's side of the family who live near Mr. Ballard. Factor 10 slightly favors Ms. Cayabas due to the fact that the parties have been operating under the schedule set forth in the current plan for a number of years now, and the child is currently thriving under this plan. Factors 11 and 13 are not applicable in this case.

The court's August 3, 2016 entry did not revise any of the orders entered by it on July 27, but the August 3 entry explicitly lists the factors from Tennessee Code Annotated section 36-6-106(a) that favor each parent. This August 3 "Conclusions of Law," however, does not grant or deny any relief whatsoever.

On appeal, Mr. Ballard raises issues regarding the trial court's determinations on civil and criminal contempt, the trial court's failure to award him attorney's fees, and the trial court's determinations regarding the designation of primary residential parent, as well as the permanent parenting plan. Because of our disposition of this appeal, we need

2

not set out the seven issues raised by Mr. Ballard in detail. Ms. Cayabas raises one issue on appeal: whether she should be awarded her attorney's fees on appeal.

Prior to oral argument, this Court, sua sponte, ordered that the parties be prepared to discuss the timeliness of the notice of appeal at oral argument. After oral argument, Mr. Ballard submitted a supplemental brief on the issue of the timeliness of his notice of appeal.

Three notices of appeal appear in the record. Mr. Ballard's first notice of appeal is dated by his attorney on August 23, 2016, but it was not stamped filed by the Dyer County Clerk and Master until August 31, 2016. The record also contains an amended notice of appeal, dated by Mr. Ballard's attorney on August 29, 2016, and also stamped filed by the Dyer County Clerk and Master on August 31. Finally, the record contains a form notice of appeal, wherein the case-specific information is handwritten. This handwritten notice of appeal contains a certificate of service from Mr. Ballard's attorney dated August 29, 2016, and is also stamped filed on August 31. The appeal bond in the record is also dated August 29, 2016, and stamped filed by the Clerk and Master on August 31. The appeal bond form and the hand-written Notice of Appeal in our record also have a fax header indicating "From: Dyer Clerk & Master" on August 26, 2016.

## ANALYSIS

Tennessee Rule of Appellate Procedure 3(a) provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the … Court of Appeals is appealable as of right." Appeals are initiated by filing a notice of appeal with the clerk of the trial court. Tenn. R. App. P. 3(e). The notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). This time limit may not be waived by the Court of Appeals. *Id.* "[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." *Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009).

### 1. Appeal of criminal contempt order

"[A] contempt proceeding is sui generis and is considered incidental to the case out of which it arises, and often stems from an underlying proceeding that is not complete." *Doe v. Bd. of Prof'l Responsibility of Supreme Court of Tenn.*, 104 S.W.3d 465, 474 (Tenn. 2003). The contempt proceeding may be "related to the underlying case but independent from it." *Green v. Champs-Elysees, Inc.*, No. M2013-00232-COA-R3-CV, 2014 WL 644726, at *7 (Tenn. Ct. App. Feb. 18, 2014). Thus, "[a] judgment of contempt fixing punishment is a final judgment from which an appeal will lie." *Hall v.*

*Hall*, 772 S.W.2d 423, 436 (Tenn. Ct. App. 1989) (citing *State v. Green*, 689 S.W.2d 189 (Tenn. Cr. App. 1984)). The judgment of contempt becomes final "upon entry of the judgment imposing a punishment therefore." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008) (citing *Green*, 689 S.W.2d at 190); *see also Rose v. Rose*, No. E2005-01833-COA-R3-CV, 2006 WL 1132086, at *4 (Tenn. Ct. App. Apr. 27, 2006) ("a judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor"); *Bailey v. Crum*, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005). "It matters not that the proceedings out of which the contempt arose are not complete." *Moody v. Hutchison*, 159 S.W.3d 15, 31 (Tenn. Ct. App. 2004) (citing *Green*, 689 S.W.2d at 190). An order that imposes punishment for contempt "is a final appealable order in its own right, even though the proceedings in which the contempt arose are ongoing." *Coffey v. Coffey*, No. E2012-00143-COA-R3-CV, 2013 WL 1279410, at *5 (Tenn. Ct. App. Mar. 28, 2013) (citing *Bailey*, 183 S.W.3d at 387).

In this case, the trial court entered an order on July 21, 2016, finding Ms. Cayabas in criminal contempt and fixing punishment. On July 27, the court entered an "order" attaching the transcript of the July 20, 2016 hearing. The July 27 "order" provided: "[t]he attached are the Court's findings of fact and conclusions of law on the issues of criminal contempt, and the attached is incorporated herein by reference and is to be treated in every respect and for every purpose as the Court's written findings and conclusions on all criminal contempt issues." The July 27 entry did not change the criminal contempt finding or alter the punishment.

Given these facts, we must determine when Mr. Ballard's thirty day period in which to file a notice of appeal on the criminal contempt finding began to run. In his supplemental brief to this Court, Mr. Ballard argues that the trial court's July 21 order was timely appealed "since the last Order issued in the case was August 3, 2016." He goes on to argue that "since the last Order in the instant case was filed on August 3, 2016, nothing would be appealable until after that date, which means that even on August 31, 2016, the Notice of Appeal would be timely." We disagree. "A final judgment [] is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball*, 288 S.W.3d at 836-37. When analyzing which of multiple judgments constitutes the final judgment, we consider whether the subsequent judgment affected the substantive legal rights and obligations settled by the first judgment. *Id.* at 837. As in the *Ball* case, with respect to the criminal contempt finding – a determination that is related to, but separate from the underlying issues -- we must focus on whether the July 27, 2016 "order" entered by the trial court affected any of the parties' substantive rights and obligations settled by the July 21, 2016 criminal contempt order. *See id.* It did not. Therefore, we must conclude that time for appeal regarding criminal contempt began to run on July 21, 2016.

Even assuming the notice of appeal could have been filed the same day Mr. Ballard's attorney signed the certificate of service on the notice of appeal (August 23, 2016), the notice of appeal was untimely. August 23 is more than thirty days from the July 21, 2016 criminal contempt order. Because Mr. Ballard's notice of appeal was not timely filed, this Court is without jurisdiction to consider his issues regarding the trial court's findings of criminal contempt.

## 2. The trial court's other orders

We must conduct the same analysis with regard to the trial court's orders addressing civil contempt, attorney's fees, and the parenting designation and plan. In that regard, the trial court entered orders on July 27, 2016, which decided all remaining issues before the court. On August 3, the trial court filed a document titled "Conclusions of Law" that did not alter its July 27 decisions in any way.

With respect to the timeliness of the appeal on these issues, the three notices of appeal create a curious conundrum. As noted above, the record on appeal contains three notices of appeal. The first notice of appeal is typewritten and contains a certificate of service dated August 23, 2016. The second notice of appeal, titled "Amended Notice of Appeal," contains a certificate of service dated August 29, 2016. The third notice of appeal is hand-written on a pre-printed notice of appeal form and also contains a certificate of service dated August 29, 2016. All three notices of appeal are stamped-filed by the Dyer County Clerk and Master on August 31, 2016.

Again, Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that "[i]n an appeal as of right to the . . . Court of Appeals . . . , the notice of appeal required by Rule 3 <u>shall be filed with and received by the clerk of the trial court within 30 days</u> after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a) (emphasis added). As discussed above with respect to the criminal contempt finding, since the trial court's August 3, 2016 "Conclusions of Law" did not affect any of the parties' substantive rights and obligations settled by the July 27, 2016 orders, Mr. Ballard's thirty day period in which to file a notice of appeal began to run on July 27. All three notices of appeal contained in the appellate record were filed on August 31, 2016. Thus, it appears that Mr. Ballard filed his notice of appeal after the expiration of the thirty day period required by Rule 4(a).

At oral argument before this Court, counsel for Mr. Ballard represented that the Dyer County Clerk and Master received his first notice of appeal, declined to file it, and sent it back to him. He argued that his first notice of appeal was received, but the Clerk and Master faxed him a form notice of appeal and cost bond, which is evidenced by the fax header on those two documents in our appellate record. Indeed, the third notice of

appeal, which is handwritten, and the cost bond contains the following fax header:

From:Dyer Clerk & Master          731 288 7706          08/26/2016 10:48          #674 P.001/003

Mr. Ballard's counsel argues that the Dyer County Clerk and Master had his original notice of appeal on August 26, 2016 but did not file it. Assuming the Clerk and Master had filed his notice of appeal on that date, this appeal would be timely.

While Mr. Ballard's counsel's reasoning certainly provides some explanation for the existence of three notices of appeal in the record, arguments of counsel are not evidence. Nor does this court have the authority to conduct an evidentiary hearing regarding the timeliness of the notice of appeal. However, if the trial court clerk received Mr. Ballard's notice of appeal and declined to perform its duty to file documents presented to it, we are loathe to declare an appeal untimely. Given the importance of our exercise of jurisdiction only when we are properly vested with jurisdiction, we remand this matter to the trial court for an evidentiary hearing only on the timeliness of the notice of appeal. *See, e.g., Ibrahim v. Murfreesboro Med. Clinic Surgi Ctr.*, No. M2013-00631-COA-R3-CV, 2013 WL 5519845, at *1 (Tenn. Ct. App. Oct. 3, 2013) (involving a case that was remanded to the trial court for a determination of the date the appellant's notice of appeal was actually received by the trial court clerk due to an allegation that the clerk erroneously failed to stamp it as of that date).

## CONCLUSION

We therefore dismiss Mr. Ballard's appeal with respect to the trial court's criminal contempt finding, and we remand the case to the trial court for an evidentiary hearing regarding the timeliness of this appeal. Given our uncertainty as to our jurisdiction to hear the substantive issues raised by the parties, we decline to opine on the substantive issues raised by the parties until such time as our jurisdiction to do so has been established. Costs are taxed to appellant, Raymond Cass Ballard, and his surety, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE