# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### December 15, 2023 Session

## IN RE CONSERVATORSHIP OF JUNE SWINFORD SPEAR

**Appeal from the Probate Court for Sevier County**
**No. 20-CN-349      Jeffrey D. Rader, Judge**

FILED

DEC 19 2023

Clerk of the Appellate Courts
Rec'd By _____

**No. E2023-00389-COA-R3-CV**

___

The notice of appeal filed by the Appellant, Myan Joy Spear, stated that the Appellant was appealing the judgment entered on February 15, 2023. As the orders appealed from do not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; JOHN W. MCCLARTY, J.; and THOMAS R. FRIERSON, II, J.

Andrew S. Roskind, Knoxville, Tennessee, for the appellant, Myan Joy Spear.

R. Alex Johnson, Sevierville, Tennessee, for the appellee, Douglas Williams.

Elizabeth J. Perryman Rauber, Sevierville, Tennessee, Pro Se Appellee.

Bailey Schiermeyer, Knoxville, Tennessee, for the appellee, June Swinford Spear.

## MEMORANDUM OPINION[1]

The Appellant, Myan Joy Spear ("Appellant"), filed a notice of appeal with this Court on March 15, 2023, which states that Appellant is appealing the February 15, 2023

___

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

order of the Sevier County Probate Court (the "trial court"). Upon receipt of the appellate record and pursuant to Tenn. R. App. P. 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal. The order to which the Notice of Appeal is directed does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

We note that the trial court entered four orders on February 15, 2023. This Court is unable to determine from the notice of appeal which of these orders Appellant is attempting to appeal. However, it appears that none of the February 15, 2023 orders are final. Specifically, the February 15, 2023 order on the petition for contempt found "the Petition for Contempt to be well taken . . . ." The order, however, does not fix a punishment for the contempt and suspended the petition for a period of thirty days. "[A] judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor . . . ." *Moody v. Hutchinson*, 159 S.W.3d 15, 30 (Tenn. Ct. App. 2004) (quoting *State v. Green*, 689 S.W.2d 189, 190 (Tenn. Crim. App. 1984)). As the record is devoid of an order fixing punishment for the contempt, the order of contempt is non-final. Also filed on February 15, 2023, were orders denying a motion to reconsider a previous order, denying an amended motion to terminate a conservatorship, and denying a motion to terminate visits with Douglas Williams. The order denying the amended motion to terminate the conservatorship states that it is a final order but does not include language under Tenn. R. Civ. P. 54.02 certifying the judgment as final.

On March 14, 2023, the attorney for June Swinford Spear filed a motion for attorney's fees. The record is devoid of an order addressing this motion. The pending motion for attorney's fees prevents a final judgment. *See e.g., E Solutions for Buildings, LLC v. Knestrick Contractor, Inc.* No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Grand Valley Lakes Property Owners' Assoc., Inc. v. Gunn*, No. W2008-01116-COA-R3-CV, 2009 WL 981697, at *3 (Tenn. Ct. App. April 13, 2009) (stating "the circuit court did not resolve Grand Valley's request for attorney's fees . . . . As we have stated, except as otherwise permitted in Rule 9 and in Rule 54.02, an order adjudicating fewer than all the claims of the parties is not a final, appealable order.").

This Court subsequently entered a show cause order, directing Appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. Appellant responded to this Court's show cause order requesting a stay of the appellate proceedings pending entry of a final judgment in the trial court. This Court entered an order on June 26, 2023, granting Appellant an extension of time of sixty days to allow Appellant to obtain a final judgment completely resolving all outstanding matters below. Appellant, however, failed to notify this Court whether a final judgment had been entered. During that time, June Swinford Spear died and a suggestion of death notice was filed with the trial court on June 30, 2023. More than ninety days passed, and the trial court clerk notified this Court that nothing had been filed in the trial court. *See* Tenn. R. Civ. P. 25.01.

On October 31, 2023, this Court entered a second order directing Appellant to show cause why this appeal should not be dismissed for lack of a final judgment. The sixty-day extension of time granted to Appellant to obtain a final judgment has passed. Appellant has filed nothing with this Court demonstrating that a final order has been obtained in the trial court and has failed to respond to this Court's October 31, 2023 show cause order.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the order appealed from does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the Appellant, Myan Joy Spear, for which execution may issue.

**PER CURIAM**

- 3 -