# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 25, 2024

## JENNIFER A. SEIBER v. DAVID S. SEIBER

**Appeal from the Chancery Court for Anderson County**
**No. 20CH2368      Thomas J. Wright, Senior Judge**

_____

## No. E2023-01344-COA-R3-CV

_____

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Curtis W. Isabell, Clinton, Tennessee, for the appellant, David S. Seiber.

Jodi Bernice Loden, Kingston, Tennessee, for the appellee, Jennifer A. Seiber.

## MEMORANDUM OPINION[1]

The appellant, David S. Seiber ("Appellant"), filed a notice of appeal with this Court in September 2023, which states that Appellant is appealing the August 23, 2023 order of the Anderson County Chancery Court ("the Trial Court"). Upon receiving the appellate record in this appeal, this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the appeal pursuant to Tenn. R. App. P. 13(b). Based on that review, this Court determined that the order appealed is not a final judgment subject to an appeal as of right under Tenn. R. App. P. 3. Specifically, the Trial Court's August

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

23, 2023 order, which is the order appealed, found the appellant to be in criminal contempt and as part of his punishment awarded to the appellee her "reasonable attorney's fees and costs incurred in relation to this matter." The Trial Court directed the appellee's counsel to submit a motion, accompanied by an affidavit, for such attorney's fees and costs; however, the record is devoid of an order awarding a set amount of attorney's fees.

Because it appeared that there was no final judgment in the underlying trial court proceedings, this Court entered a show cause order on March 19, 2024, providing Appellant thirty days to obtain a final judgment or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant has not supplemented the appellate record with a final order nor has he responded to this Court's show cause order.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). "[A] judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor . . . ." *Moody v. Hutchinson*, 159 S.W.3d 15, 30 (Tenn. Ct. App. 2004) (quoting *State v. Green*, 689 S.W.2d 189, 190 (Tenn. Crim. App. 1984)). Tenn. Code Ann. § 36-5-103 provides that a prevailing party may obtain an award of reasonable attorney's fees "in any criminal or civil contempt action or other proceeding to enforce, alter, change, or modify any decree of alimony, child support, or provision of a permanent parenting plan order . . . ."

The Trial Court's August 23, 2023 order grants the appellee an award of attorney's fees, pursuant to Tenn. Code Ann. § 36-5-103, but makes no finding regarding the amount of fees awarded. As such, the order appealed from does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a); s*ee e.g., E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116, at *4 (Tenn. Ct. App. April 17, 2018) (finding that order directing parties to re-submit requests for attorney's fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney's fees, this Court lacked jurisdiction); *Spencer v. The Golden Rule, Inc.*, No. 03A01-9406-CV-00207, 1994 WL 589564, at *1 (Tenn. Ct. App. Oct. 21, 1994), *no appl. perm. appeal filed* ("There is nothing in the record before us reflecting that the trial court has awarded a *specific amount* as the 'reasonable attorney's fees incurred in prosecuting' this action. . . . Since there is no order in the record before us *finally* disposing of the Plaintiff's claim for attorney fees at the trial level, the Order from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (emphasis in original) (footnote omitted)).

As such, the court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal.

The appeal is hereby dismissed.  Costs on appeal are taxed to the appellant, David S. Seiber, for which execution may issue.

**PER CURIAM**