IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 20, 2025

## STATE OF TENNESSEE v. PAUL SPRINGER

**Appeal from the Criminal Court for Shelby County
No. 21 02433 Roy B. Morgan, Jr., Senior Judge**

_____

### No. W2024-00849-CCA-R3-CD

_____

Defendant, Paul Springer, was charged with two counts of forgery in an amount $60,000 or more but less than $250,000 and one count of theft in an amount $60,000 or more but less than $250,000.[1] Defendant's jury trial ended in a mistrial after Defendant "violat[ed] a court order" by referencing an alleged victim's prior criminal record. During the trial, Defendant was twice held in contempt of court, once for arriving late to court and again for violating the court's order. Nearly three years after judgments were entered against Defendant for two counts of direct contempt of court, Defendant filed a "Motion to Dismiss Contempt of Court," which the trial court denied.[2] Defendant appeals, arguing the evidence was insufficient to support a finding of contempt. Having reviewed the record and the briefs of the parties, we conclude that the trial court lacked jurisdiction to hear Defendant's motion to dismiss. Therefore, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

Tony N. Brayton, Assistant Public Defender – Appellate Division (on appeal); Glover Wright, Assistant Public Defender (at hearing on motion to dismiss), Memphis, Tennessee; Terrell Tooten (at trial), Cordova, Tennessee, and James Jones (at trial), Bartlett, Tennessee for the appellant, Paul Springer.

---

[1] The record does not contain an indictment or other charging instrument, but the trial court announced Defendant's charges in its opening instructions to the jury at Defendant's trial.

[2] Senior Judge Roy B. Morgan, Jr., presided over the motion hearing. Senior Judge Don R. Ash presided over Defendant's October 2019 jury trial.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Byron Winsett and Dennis Johnson, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### *Factual and Procedural History*

Defendant, a disbarred attorney,[3] was charged with forgery and theft from a prior client. A jury trial began on October 2, 2019. Because the facts presented at trial are not relevant to the issue raised on appeal, we will not summarize them here. On the morning of the first day of trial, Defendant, who was released on bond, arrived forty minutes late, and he arrived fifteen minutes late after the lunch recess. The trial court gave the following warning:

> I mean, when I say you don't have to respect me. I don't really care. I'm fine. But you're going to respect this court. [Defendant] was 40 minutes late this morning to court with a jury trial. I don't know how late you were until you walked in. I didn't do anything but finish the instructions I was already giving so there's no harm no foul. But this is warning one. Next time there will be a sanction and the next time there will be a bigger sanction. So I'm telling you don't do this anymore. Deal?

On the second day of trial, the trial court ruled that evidence of the victim's prior criminal history was inadmissible. The court stated, "[W]e're not going to get into the prior convictions at all, period."

On the third day of trial, Defendant was again late to court. The trial court asked defense counsel if he knew where Defendant was, and defense counsel stated, "I thought he was going to the restroom when I was coming off the elevator, Your Honor." The trial court instructed the courtroom deputy to "walk out there and see if he comes out of the restroom." The deputy returned and said Defendant was not in the restroom. When Defendant finally arrived, the trial court told him, "[Y]ou're late." Defendant explained, "I had a couple of surgeries that cause me to have a pretty severe dysplasia in my esophagus that causes me to go to the restroom." The court responded, "Not buying it. Got anything else?" The court then found Defendant in contempt of court and sentenced him to ten days in jail. Defendant asserted, "I have witnesses that will tell you that I was in the restroom."

---

[3] *See In re: Paul James Springer, BPR #021267*, No. M2018-01730-SC-BAR-BP (Tenn. Oct. 2, 2018) (Order).

When the court told Defendant the deputy had already checked the restroom, Defendant said he was in a restroom on another floor of the courthouse. The trial court responded, "If you would have been here on time at 8:30 and said I need to go to the restroom, I would have been more than happy to let you do that." The court continued, "So we'll do that document and I'll sign that when we get done today and they'll take you into custody."

Later that same day, Defendant testified on his own behalf. Defendant testified that the victim retained him to represent her in a criminal case and an unemployment matter. He said he charged her $10,000 for her criminal case. He testified it was "a pretty low fee for what I would normally charge" and explained, "it was a very high profile case." Defendant then stated, "the State was seeking enhanced punishment because she was a career offender." The prosecutor objected. The court stated, "I already ruled that you can't mention her criminal record" and asked the prosecutor, "So you want a mistrial?" Defense counsel objected to a mistrial and requested a curative instruction. The trial court stated, "The question is [Defendant] just used the word 'career offender' after I told y'all we cannot consider the prior convictions. He just snuck it in. He cheated. You know it, I know it. . . . [H]e snuck it in so he could get in the prior convictions. That's the decision he made."

The trial court found Defendant in contempt again and ordered him to serve an additional ten days "for violating [the court's] prior ruling when he clearly knows, he clearly as an attorney he clearly knows what you can say and not say and saying career offender is a back door way to put in the prior convictions. So I'm going to punish him for that." The trial court declared a mistrial and stated, "To be honest with you, "I've never declared a mistrial maybe once in 25 years. Never done that. But I don't know how to fix this after your client did this intentionally, intentionally, which is amazing. But that's – so I don't know how to unring that bell."

Defense counsel requested "a hearing on the contempt." The trial court responded, "Direct contempt. Just had one. You don't get a hearing on direct contempt." Defense counsel stated, "Your Honor, it would be our position that we would be allowed to get a hearing under Rule 42." The court responded, "You don't get one on direct contempt. . . . If you want to go up to the appellate court and see what they want to say – but it's direct contempt directly in front of me. The punishment is immediate and there is no other hearing."

On October 4, 2019, the court entered an order that states:

> First Count of Contempt. The first day of trial, [Defendant] was 45 minutes late. On the same afternoon[,] [Defendant] was 15 minutes late. On this occasion, the jury was ready to proceed. The court gave [Defendant] a

verbal warning and said there would be a sanction on the next event. The third day of the trial, with the jury waiting, [Defendant] was 18 minutes late. The court find[s] him in contempt and sentences him to ten days in jail.

On the third day of the trial, after the court ruled the prior convictions of the victim were not admissible, [Defendant] stated during his testimony, the victim was a "career offender." [Defendant] is a disbarred attorney who practiced criminal law. The court finds [Defendant] in contempt and sentences him to ten days in jail consecutive to his prior sentence for contempt. Bond is set at $75,000.

On the same day, judgments were entered against Defendant for two counts of direct contempt of court. The court imposed consecutive sentences of ten days on each count.

On August 12, 2022, Defendant filed a motion to dismiss the contempt charges under Tennessee Rule of Criminal Procedure 42. On May 8, 2024, in preparation for Defendant's retrial on the forgery and theft charges, the trial court held a hearing on "12 motions" filed by defense counsel, including the August 2022 "Motion to Dismiss Contempt of Court." Incidentally, at the outset of the hearing, the trial court noted that Defendant "arrived at five after." The court told Defendant, "[Y]ou've been a little late each time. I drive all the way from Jackson, Tennessee to get here on time. So, I don't want it to happen again. I'm giving you one warning."

At the conclusion of the hearing, the trial court denied the motion, finding that the previous court complied with the requirements of Rule 42(a). The court entered a written order denying the motion on May 9, 2024. Defendant filed a notice of appeal on June 10, 2024.

### *Analysis*

On appeal, Defendant asks this Court to reverse his contempt convictions because, he asserts, the evidence was insufficient to support a finding that he acted willfully. The State argues the trial court lacked jurisdiction to hear Defendant's motion to dismiss the contempt charges because the judgments became final thirty days after they were entered. Additionally, the State argues, there is no appeal as of right from the denial of a motion to dismiss, and the interest of justice does not warrant waiving the untimely filing of Defendant's notice of appeal filed almost three years after the judgments were entered.

"A judge may summarily punish a person who commits criminal contempt in the judge's presence if the judge certifies that he or she saw or heard the conduct constituting the contempt. The contempt order shall recite the facts, be signed by the judge, and entered

- 4 -

in the record." Tenn. R. Crim. P. 42(a). "Contempt proceedings are sui generis and are incidental to the case out of which they arise." *Baker v. State*, 417 S.W.3d 428, 435 (Tenn. 2013) (citing *Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 474 (Tenn. 2003)). Accordingly, "[a] judgment of contempt fixing punishment is a final judgment from which an appeal will lie." *Hall v. Hall*, 772 S.W.2d 432, 436 (Tenn. Ct. App. 1989) (citing *State v. Green*, 689 S.W.2d 189 (Tenn. Crim. App. 1984). In *State v. Green*, this Court stated that "a judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor . . . and is thus appealable as of right under Rule 3 [of the Tennessee Rules of Appellate Procedure." 689 S.W.2d at 190. "It matters not that the proceedings out of which the contempt arose are not complete." *Id*. An order that imposes punishment for contempt "is a final appealable order in its own right, even though the proceedings in which the contempt arose are ongoing." *Coffey v. Coffey*, No. E2012-00143-COA-R3-CV, 2013 WL 1279410, at *5 (Tenn. Ct. App. 2013) (citing *Bailey v. Crum*, 183 S.W.3d 383, 387 (Tenn. Ct. App. 2005)).

Contempt rulings must be appealed within thirty days of the court's finding of contempt. *Blakney v. White*, No. W2018-00617-COA-R3-CV, 2019 WL 4942436, at *4 (Tenn. Ct. App. Oct. 8, 2019). "Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter." *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000) (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a), (c)).

Here, Defendant's contempt judgments became final on November 4, 2019.[4] Defendant filed his "Motion to Dismiss Contempt of Court" on August 12, 2022. Defendant has not offered any explanation, nor has he pointed to any statute or rule that would give the trial court authority to exercise jurisdiction over the judgments nearly three years after they were entered. The trial court lacked jurisdiction to hear the motion. Because the trial court no longer had jurisdiction to enter the order denying the motion, Defendant's notice of appeal was untimely.

Because a timely notice of appeal is not jurisdictional, this Court may waive this requirement in the interest of justice after considering "the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415 (Tenn. Crim. App. Dec. 27, 2005)). Defendant neither requested relief to file a late notice of appeal, nor did he file a reply brief in response to the State's brief requesting dismissal of the appeal. Thus, he has shown no reason for the delay in seeking relief. Accordingly, we conclude that this appeal should be dismissed.

---

[4] We take judicial notice that November 3, 2019, was a Sunday.

CONCLUSION

Because the trial court lacked jurisdiction to consider Defendant's motion to dismiss contempt of court filed more than two years after the contempt judgments became final, we dismiss this appeal.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE