IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 25, 2026 Session

## JASON DONALDSON v. SUSAN DONALDSON

**Appeal from the Chancery Court for Loudon County**
**No. 12660     Tom McFarland, Chancellor**

———————————————————

**No. E2025-01117-COA-R3-CV**

———————————————————

Because the order from which the appellant has filed an appeal does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.; AND WILLIAM E. PHILLIPS, II, J.

Sherif Guindi, Knoxville, Tennessee, for the appellant, Jason Donaldson.

Jennifer L. Chadwell, Oak Ridge, Tennessee, for the appellee, Susan Donaldson.

## MEMORANDUM OPINION[1]

The appellant, Jason Donaldson ("Appellant"), filed a notice of appeal with this Court in July 2025, which states that Appellant is appealing the July 7, 2025 order of the Loudon County Chancery Court ("the trial court"). Subsequently, the appellee, Susan Donaldson ("Appellee"), filed a motion seeking to dismiss this appeal arguing that no final judgment has been entered in this case. Appellant filed a response, arguing that the motion was premature because the record had not yet been transmitted to this Court and the motion to dismiss was not accompanied by an affidavit, unsworn declaration made under penalty

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of perjury, or other supporting evidence, as required by Tenn. R. App. P. 22. Because this Court was unable to determine the finality of the trial court's judgment, this Court deferred ruling on the motion until the appellate record was transmitted to this Court.

Upon receiving the appellate record in this appeal, this Court reviewed the appellate record to determine if the Court has subject matter jurisdiction over the appeal, pursuant to Tenn. R. App. P. 13(b), and determined that no final judgment had been entered in the underlying proceedings. In its judgment, the trial court referred the issue of child support to the respective magistrate, and there is no subsequent order in the record resolving the issue of child support. Additionally, Appellee had filed a motion for criminal contempt on August 13, 2024, due to Appellant's alleged violations of the statutory injunction involving property transactions. The trial court, in its July 7, 2025 judgment, found that at least three properties had been bought and sold while the divorce proceedings were pending, but it reserved "any kind of punishment" for such violations. It does not appear that an order was entered by the trial court completely resolving the motion for criminal contempt.

Based on the foregoing, the trial court's July 7, 2025 order, from which the appellant seeks to appeal, does not appear to be "a final judgment adjudicating all the claims, rights, and liabilities of all parties" from which an appeal as of right would lie. *See* Tenn. R. App. P. 3(a). A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

This Court has previously held that without a determination regarding child support, the trial court's order is not final. *Reese v. Reese,* No. E2022-01116-COA-R3-CV, 2023 WL 6157248, at *2 (Tenn. Ct. App. Sept. 21, 2023), *perm. app. denied* (Mar. 6, 2024) ("A parenting plan that does not contain a determination of child support does not define or adjudicate the parties' rights with regard to all of the issues."). Furthermore, this Court has held that a finding of criminal contempt becomes final upon entry of a judgment finding the individual in contempt of court and ordering punishment for such contempt. *See Moody v. Hutchison*, 159 S.W.3d 15, 30 (Tenn. Ct. App. 2004) ("[A] judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor . . ." (quoting *State v. Green*, 689 S.W.2d 189, 190 (Tenn. Crim. App. 1984))). As such, without these issues being resolved, there is no final judgment from which Appellant can appeal.

This Court entered an order directing the appellant to obtain a final judgment within thirty days or else show cause why this appeal should not be dismissed for lack of subject matter jurisdiction. Appellant subsequently requested two extensions of time within which

to obtain a final judgment, which were granted by this Court. The time provided with the second extension expired, and Appellant requested a third extension of time until August 2026 to obtain a final judgment. Appellant's request for a third extension of time to obtain a final judgment is DENIED.

The court order from which Appellant seeks to appeal does not constitute a final appealable judgment. Therefore, this Court lacks jurisdiction to consider this appeal. Appellee's motion to dismiss this appeal is GRANTED. The appeal is hereby dismissed without prejudice to Appellant's ability to file a new appeal after the trial court enters a final judgment. Costs on appeal are taxed to the appellant, Jason Donaldson, for which execution may issue.

**PER CURIAM**