IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 15, 2020

## MATTHEW D. VARNEY v. KATHERINE MECHELLE STOOKSBURY

**Appeal from the Juvenile Court for Knox County**
**No. 123969   Darryl Edmondson, Judge**

————————————————————

### No. E2018-01812-COA-R3-JV

————————————————————

This is a post-custody contempt case. We do not reach the substantive issues because the order appealed is not final. As such, this Court lacks subject matter jurisdiction over the appeal, and the appeal is dismissed. Tenn. R. App. P. 3.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Lance A. Evans and Andrew O. Beamer, Maryville, Tennessee, for the appellant, Matthew D. Varney.

Charles Child and Sloane Davis, Knoxville, Tennessee, for the appellee, Katherine Mechelle Stooksbury Sellers.

Susan H. Rushing, Alcoa, Tennessee, for the appellee, Diana McCoy, Ph.D.[1]

## OPINION

### I. Background

Appellant Matthew Varney ("Father") and Appellee Katherine Stooksbury

---

[1] During the 2017 custody case, discussed *infra*, Dr. Diana McCoy, Ph.D. performed a psychological evaluation of the parties' child and received a judgment for her fees. On May 7, 2018, Dr. McCoy filed a motion for criminal contempt against Mr. Varney and Ms. Stooksbury in the Knox County Juvenile Court seeking enforcement of the judgment for fees. Dr. McCoy's motion was granted, and she did not file a responsive brief in this matter.

("Mother") were never married but had one child together in October 2012. In 2017, Father filed a petition for custody in the Knox County Juvenile Court. By order of August 18, 2017, the Knox County Juvenile Court established Father's paternity, entered a permanent parenting plan for the child, and set child support.[2]

On May 22, 2018, Mother filed a petition for civil contempt alleging that Father was in contempt of the Knox County Juvenile Court's August 18, 2017 because he had failed to pay child support, birth costs, and the attorney's fees awarded in that order. The matter was transferred to the Union County Juvenile Court ("trial court").

Following a hearing on August 7, 2018, the trial court entered an order on September 6, 2018, wherein it held that Father was in contempt for failure to pay the child support and other financial obligations mandated in the August 18, 2017 order, *supra*. The September 6, 2018 order provides, in relevant part:

> 1. This Court finds the Respondent Matthew D. Varney in Civil Contempt of the prior Order of this Court.
> 2. The Respondent/Father had obligation to reimburse Petitioner/Mother the sum of $2,105.30 for birth costs and related expenses. Mr. Varney has paid nothing, and the Court finds that the prior Order is entitled to full faith and credit, and interest has accrued on this obligation at the rate of 4% for a period of one year (584.21) which is awarded to Petitioner.
> 3. The Respondent/Father had obligation to pay . . . the sum of $20,000.00 for [Mother's] attorney fees. Mr. Varney has paid nothing, and the Court finds that the prior Order is entitled to full faith and credit, and interest has accrued on the obligation at the rate of 5.5% (pursuant to TCA §47-14-12) for an additional obligation of $1,100.00. . . . The Court further finds that as to this obligation, Mr. Varney shall pay the principal indebtedness over a period of twelve months in equal monthly payments, with the first payment ($1,666.66) due on or before September 7, 2018.
> 4. The Court finds that there was an arrearage figure of $37,344.59. Mr. Varney has paid nothing, and the Court finds that the prior Order is entitled to full faith and credit, and interest has accrued on this obligation at the rate of 4% for a period of one year ($1,493.78) which is awarded to Petitioner. As to that award, the Court will increase payments to the sum of $150.00 per month to be paid on the principal of that award.
> 5. The Court further finds that the prior Order of the Court obligated ongoing support of $873.00 per month beginning June 2017. For a period

---

[2] In response to his Tennessee Rule of Civil Procedure 60.02 motion to alter or amend, on October 3, 2017, the Knox County Juvenile Court found that Father did not receive notice of the August 18, 2017 order. As such, the court amended its August 18, 2017 order "to reflect entry on September 21, 2017."

of June 2017 through December 2017 and January 2018 through July 2018 Father has paid nothing. Therefore, additional arrearage has accrued of $12,222.00. Payments on that amount are to be an additional $150.00 per month.

6. The Court notes that Father paid $500.00 in August 2018 of an obligation of $873.00. Therefore, he has a remaining balance for the month of August of $373.00. The payments on the arrearage ($150 + $150) shall commence August 2018 and each and every month thereafter, until the total of the principal obligation is paid in full.

7. Although Respondent Matthew Varney is found to be in Civil Contempt of the prior Orders of the Court, punishment is withheld pending compliance with the future Orders of this Court.

Father failed to appear at a subsequent status hearing. On September 18, 2018, the trial court entered an order finding Father in contempt for failure to appear, but it reserved the question of whether Father had complied with the September 6, 2018 order, *supra*. The trial court's September 18, 2018 order was captioned "In the Juvenile Court for Knox County, Tennessee," but it listed the Union County docket number. Upon its discovery of these clerical errors, the trial court, *sua sponte*, issued an "Order Setting Aside and Vacating in its Entirety that Contempt Finding and Order Previously Entered in the Above Styles Cause." In relevant part, the trial court ordered:

1. That said Contempt of Court Finding and Order entered in the above styled cause on the said 18th day of September, 2018 is hereby set aside and vacated in its entirety;

***

2. That a hearing in the above styled cause is set for Tuesday, November 27, 2018 at 9am in the Juvenile Court for Union County Tennessee.

3. That all other matters are reserved pending said hearing in the Juvenile Court for Union County, Tennessee on said Tuesday, November 27th, 2018 at 9 a.m.

On October 3, 2018, Father filed a Notice of Appeal to this Court under Tennessee Rule of Appellate Procedure 3(a). Father's Notice of Appeal specifically states that: "Notice is given that Matthew D. Varney, appeals the final judgment(s) of the Juvenile Court for Knox County, Tennessee filed on September 6, 2018." As set out above, the September 6, 2018 order reserved the issue of punishment for Father's contempt. On January 18, 2019, the trial court clerk informed the parties that this Court would "not accept the appeal until a final order has been entered." In response to this notice, on January 30, 2019, Father filed two motions in the trial court. The first, a Tennessee Rule

- 3 -

of Civil Procedure 60.02 motion, requested that the trial court set aside all orders entered after May 7, 2018. The second, a motion to dismiss Mother's contempt petition, alleged that the trial court lacked subject matter jurisdiction or, in the alternative, abused its discretion in finding Father in contempt.

Following a hearing on May 17, 2019, the trial court entered an order on June 11, 2019, which it captions "Final Order". The trial court first clarified that its order vacating the September 18, 2018 order was not intended to set aside the previous finding of contempt as set out in its September 6, 2018 order, *supra*. The trial court denied Father's motions, and further held:

> 1. That Respondent, Matthew D. Varney, shall pay $873.00 each month with the payment to be made no later than thirty days after the date of this hearing (which would be June 16, 2019). Respondent shall pay $873.00 per month each subsequent month thereafter on the 16 of the month.
> 2. That Respondent's child support arrearage as of this day is $61,921.88. Respondent shall pay $1,000.00 per month towards his child support arrearage with the first payment made on the 30th day from today (which would be June 16, 2019) and shall pay $1,000.00 per month on said arrearage on the 16th day of each month until the arrearage is retired.
>
> ***
>
> 4. That Respondent, Matthew Varney, shall pay $200.00 per month towards Petitioner's
> attorney fee[s] of $22,471.66, with the payment to be made no later than thirty days after the date of this hearing (which would be June 16, 2019), until the balance is paid in full (including accrued interest at the statutory rate).
> 5. That this Order is a Final Order and subject to appeal.
> 6. That this cause is set for a review hearing on the 18th day of October, 2019 at 9 a.m.

Father appeals and raises several issues for review. Unfortunately, the order appealed (i.e., the September 6, 2018 order) is not final. As such, this Court does not have subject matter jurisdiction over the appeal. Tenn. R. App. P. 3. Subject matter jurisdiction is a threshold question that cannot be waived. **In re Estate of Boykin**, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008). Tennessee Rule of Appellate Procedure 13(b) provides that this Court "shall . . . consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *See also* **First Am. Trust Co. v. Franklin-Murray Dev. Co.**, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001); Tenn. R. App. P. 13(b). Subject matter jurisdiction involves a court's power to

adjudicate a matter before it. ***Id.*** at 140 (citing ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000)). The presence or absence of subject matter jurisdiction is a question of law that we determine *de novo*. ***Northland Ins.***, 33 S.W.3d at 729; ***Boykin v. Casher***, 295 S.W.3d 632, 635 (Tenn. Ct. App. Dec. 30, 2008), *perm. app. denied* (Tenn. Aug. 17, 2009).

Father brings this appeal under Tennessee Rule 3(a), which provides:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

A final judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). As noted above, Father's October 3, 2018 Notice of Appeal specifies that the order appealed is "the final judgment(s) of the Juvenile Court for Knox County, Tennessee filed on September 6, 2018." However, the September 6, 2018 order was not a final order because it specifically reserved the issue of punishment, to-wit: "Although Respondent Matthew Varney is found to be in contempt of the prior orders of the court, punishment is withheld pending compliance of future orders of this Court." This Court has held that "[a] judgment on contempt becomes final upon entry of the judgment imposing a punishment therefore." ***State ex rel. Garrison v. Scobey***, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *4 (Tenn. Ct. App. Oct. 22, 2008) (citing ***State v. Green***, 689 S.W.2d 189, 190 (Tenn. Ct. App. 1984)); *see also* ***Rose v. Rose***, No. E2005-01833-COA-R3-CV, 2006 WL 1132086, at *4 (Tenn. Ct. App. Apr. 27, 2006) ("a judgment of contempt, summary or otherwise becomes final upon the entering of punishment therefor"); ***Hall v. Hall***, 772 S.W.2d 432, 436 (Tenn. Ct. App. 1989) ("A judgment of contempt fixing punishment is a final judgment from which an appeal will lie."); ***Fletcher v. Fletcher***, No. W2003-00715-COA-R3-CV, 2004 WL 298370, at *7 (Tenn. Ct. App. Feb. 11, 2004) (holding that an order on contempt was not a final, appealable judgment where the order failed to designate punishment); ***Long v. Long***, No. 01A01-9406-CV-00270, 1995 WL 33741, at *3 (Tenn. Ct. App. Jan. 27, 1995) ("the mere adjudication of contempt by the trial court is not a final, appealable order."). Having reserved the question of punishment for Father's contempt, the trial court's September 6, 2018 order is not final and appealable.

That being said, Tennessee Rule of Appellate Procedure 4(d) provides that "[a] notice of appeal filed before the entry of the [final] judgment shall be treated as filed after such entry and on the day thereof." The question, then, is whether the trial court's June 11, 2019 order constitutes a final judgment in the case such that Father's October 3, 2018 Notice of Appeal, although prematurely filed, is valid and effective to confer jurisdiction on this Court. We conclude that it does not.

The June 11, 2019 order is captioned "Final Order." As set out above, it specifically states that, "this Order is a Final Order and subject to appeal." What is absent from the June 11, 2019 order is an adjudication of punishment for Father's contempt. Again, an order adjudicating contempt but withholding punishment is not a final, appealable order. ***Hall,*** 772 S.W.2d at 436; ***Fletcher***, 2004 WL 298370, at *7; ***Long***, 1995 WL 33741, at *3.

Nonetheless, Tennessee Rule of Civil Procedure 54.02 provides an alternative mechanism for finality of judgments, to-wit:

> When more than one claim for relief is present in an action, . . . the Court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, **however designated**, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added). Under Rule 54.02, the fact that the trial court designated the June 11, 2019 as a "Final Order" is not dispositive of its finality. "[T]he mere recitation that an order is final, without more, does not, *ispo facto*, bestow jurisdiction on us over an otherwise interlocutory order." ***Cooper v. Powers***, No. E2011-01065-COA-R9-CV, 2011 WL 5925062, at *5 (Tenn. Ct. App. Nov. 29, 2011). Likewise, the trial court's statement that the June 11, 2019 "Order is a Final Order and subject to appeal" is ineffective because it does not comply with the specific requirements of Rule 54.02. For an order to be made final by operation of Tennessee Rule of Civil Procedure 54.02, the trial court is required to make an "express determination that there is no just reason for delay" and "an express direction for the entry of judgment." As explained by the Tennessee Supreme Court:

> Such certification by the trial judge creates a final judgment appealable as of right under Rule 3 [of the Tennessee Rules of Appellate Procedure]. In the absence of such direction and determination by the trial judge, the order

- 6 -

> is interlocutory and can be revised at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties. ***Stidham v. Fickle Heirs***, 643 S.W.2d 324, 325 (Tenn. 1982).

***Fox v. Fox***, 657 S.W.2d 747, 749 (Tenn. 1983). Tennessee Courts have strictly construed the substantive requirements under Rule 54.02. *See **Harris v. Chern***, 33 S.W.3d 741, 744 (Tenn. 2000) ("Rule 54.02 requires that a judgment disposing of fewer than all of the claims or fewer than all of the parties is final only when the trial court makes 'an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.' Tenn. R. Civ. P. 54.02."); ***Shofner v. Shofner***, 181 S.W.3d 703, 713 (Tenn. Ct. App. 2004) (stating that "finality arises only when the trial court has expressly directed the entry of a final judgment because no just reason for delaying the entry of a final judgment exists"); ***In re Estate of Rogers***, No. M2015-01439-COA-R3-CV, 2016 WL 6087662, at *4-6 (Tenn. Ct. App. Oct. 17, 2016) (finding that the trial court failed to make a specific finding that there was "no just reason for delay" of entry of a final judgment); ***Heritage Operating, LP v. Henry Cty. Propane Gas, Inc.***, No. W2011-01162-COA-R3-CV, 2012 WL 2989120, at *3 (Tenn. Ct. App. July 23, 2012) ("The courts of this State have continued to adhere to the clear requirements of Rule 54.02 that a trial court may direct the entry of a final order as to fewer than all of the claims or parties only if it expressly directs that the order be made final under the rule and makes an express finding that there is no just reason for delay.").

As set out above, neither the September 6, 2018 order nor the June 11, 2019 order contains the required Rule 54.02 language. Specifically, neither order expressly states that there is no just reason for delay of entry of a final order. In the absence of this language, and in the absence of an adjudication of punishment for Father's contempt, neither order is final so as to confer subject matter jurisdiction over the appeal to this Court. Tenn. R. App. P. 3(a); accordingly, we dismiss the appeal.

In the posture of Appellee, Mother asks this Court to award her attorney's fees and costs accrued in defense of the appeal. "'Whether to award attorney's fees on appeal is a matter within the sole discretion of this Court.'" ***Luplow v. Luplow***, 450 S.W.3d 105, 120 (Tenn. Ct. App. 2014) (quoting ***Hill v. Hill***, No. M2006-02753-COA-R3-CV, 2007 WL 4404097, at *5 (Tenn. Ct. App. Dec. 16, 2007)). "In determining whether an award is appropriate, we take into consideration the 'ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered.'" *Id*. (citing ***Hill***, at *6). Taking these factors into account, we decline to award Mother her appellate attorney's fees and expenses.

## VI. Conclusion

The appeal is dismissed for lack of subject matter jurisdiction. Mother's request for appellate attorney's fees is denied, and the case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Matthew D. Varney, for all of which execution may issue if necessary.

_____
KENNY W. ARMSTRONG, JUDGE